[No. 1114. Decided February 20, 1894.]

THE TACOMA GROCERY COMPANY, *Appellant*, v. M. H. DRAHAM, *Respondent*.

ATTACHMENT — UNVERIFIED AFFIDAVIT — APPEAL — OBJECTION NOT RAISED BELOW — EXECUTION SALE — PRESUMPTION OF REGU-LARITY.

Where, as the foundation for attachment proceedings, a paper was filed in the form of an affidavit, signed by the attorney of plaint-iff, but there was nothing upon its face nor in the record to show that it was ever sworn to, the court could not obtain jurisdiction of the subject matter, and judgment of sale rendered in such proceedings would be an absolute nullity, which could be attacked without a direct proceeding for that purpose.

Where a case has been referred to a referee to take proofs and report same to the court, the refusal of the referee to grant a re-quest for an adjournment, which was not objected to at the time, nor upon the trial before the court subsequently upon the report of the referee, cannot be raised as ground of error for the first time on appeal.

In an action to quiet title to land purchased upon execution sale, proof of the sale made by the sheriff under a valid judgment and execution, and the confirmation thereof by the court, will establish a *prima facie* presumption that the sale was regularly made.

*Appeal from Superior Court, Mason County.*

*W. I. Agnew*, and *J. W. Robinson*, for appellant.
*C. W. Hartman*, for respondent.

The opinion of the court was delivered by

HOYT, J.— This action was brought by the appellant to quiet the title to a certain piece of real estate as against the defendant.   The source of title of each of the parties was the same;  both claimed by virtue of execution sales against Henry Bickle, jr.   There was no personal service on the defendant, and the validity of the judgments and sales depends upon the regularity of attachment proceedings which were instituted at the time of the commencement of the actions.   It clearly appears from the record that the sale under which appellant claims was the first one, and if valid conveyed to it a good title.

It is contended on the part of the respondent that the judgment under which this sale was made was absolutely void, for the reason that the court never obtained any jurisdiction of the subject matter.   The ground of such contention is, that there was no affidavit filed with the clerk as a foundation for the attachment proceedings.

Upon this question the record shows that a paper was filed in the form of an affidavit signed by a person who represented himself as the attorney for the plaintiff, but there is nothing upon the face thereof to show that it was ever sworn to.   Such being the case, the question is presented as to the force to be given such paper.   If it should be treated as having no effect, then it must follow that the attachment proceedings founded thereon were absolutely void.   It does not appear from the record that the paper was in fact sworn to.   If it did, it is probable that under our liberal statute as to amendment of all papers in attachment proceedings, the omission of the officer to sign the jurat could be treated as a clerical error, and the proceed-

ings sustained.    But in the absence of proof to that effect, there is nothing to show that the facts set up in such paper ever had their truth vouched for by the oath of any person. In other words, the paper upon its face does not show that it is an affidavit, and there is no proof in the record to supplement the showing upon the face of the paper.    It must, therefore, for the purposes of this case, be considered as no affidavit at all, and it must follow that there was no foundation whatever for the issuing of the writ of attachment, and that it was absolutely void.

Some cases have been cited by counsel for appellant where the absence of the signature of the officer to the jurat has been held not to be fatal to the proceedings.    Such cases, however, are not numerous.    We have been able to find only two which squarely establish such a doctrine. *Wiley v. Bennett*, 9 Baxt. 581; *Stout v. Folger*, 34 Iowa, 71.

These cases would be authority for the contention of the appellant that such omission did not render the proceedings void, if the facts shown by the record had been similar to those in the case at bar, but such was not the case.    There it was made clearly to appear to the court that the affidavit had been in fact sworn to, and it was held that, as the required facts had been set forth in the form of an affidavit, and their truth vouched for by the oath of the party, he should not be deprived of his rights by reason of the inadvertent omission of the officer to sign the jurat.    We have been unable to find a single case which went so far as to hold that the proceedings could be sustained where the statute required an affidavit without its being made affirmatively to appear in some manner that an affidavit was in fact made and filed.    In our opinion, no title passed to plaintiff by virtue of the execution sale under which it claims title, for the reason that the judgment upon which such sale was made was absolutely void.

Appellant makes the further contention that, even if such results must follow from the failure to make and file an affidavit, the judgment could only be attacked in a direct proceeding for that purpose.   This would doubtless be true if the action of the court in granting the judgment was simply erroneous, but it was more than that; it was void for the reason that the court never had any jurisdiction.   Such a judgment is a nullity, and may be attacked in any place where rights are attempted to be asserted under it.

There is a point made in appellant's brief, that it should be relieved from the judgment by reason of the fact that it asked for an adjournment of the taking of proofs before the referee for the purpose of allowing it to produce at the adjourned day a witness to prove that the affidavit was in fact sworn to, and that the referee refused to grant such adjournment.   If the appellant had sought relief from the action of the referee by a sufficient showing before him and in the lower court upon the presentation of his report, and had been unable to obtain it, this court could grant such relief.   But nothing of this kind was done.   The case was not before the referee for him to take the testimony and report findings of fact and law, but only that he might take the proofs offered, and report the same to the court; hence the action of the appellant in simply making a request for such adjournment, and, so far as the record shows, acquiescing in the refusal of the referee to grant the same, without being followed by any attempt to further secure its rights in that regard, will not justify us in interfering with the judgment on account of the refusal of the adjournment by the referee.   Upon the report of the referee the case came before the court for trial, and if the appellant felt that it had been denied an opportunity to introduce such proofs as were necessary before the referee, it should have asked leave to introduce the same upon the hearing.

The court below not only refused any affirmative relief on the part of the appellant, but, upon affirmative pleadings on the part of the defendant, quieted his title as against the plaintiff. It, therefore, becomes necessary for us to examine the proceedings under which the defendant claims title. Their regularity is in no manner attacked by the counsel for the appellant, excepting that the statement is made that the proceedings under the execution upon which the sales were made were not proven. None of these criticisms went to the jurisdiction of the court in entering the judgment and issuing the execution, and as it was proven that the sale had been made by the sheriff thereunder, and the proceedings on such sale had been regularly confirmed by the court, enough appeared to establish a *prima facie* presumption that the sales were regularly made.

The judgment of the lower court must be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.