[No. 13816.  Department One.  May 5, 1917.]

NETTIE O. ROWE, *Appellant*, v. JACKSON SILBAUGH *et al.*,

*Respondents.*[1]

JUDGMENTS—COLLATERAL ATTACK—ACTION TO QUIET TITLE—LIM-
ITATIONS.  An action to quiet title to land sold under execution on a
default judgment fair on its face, the court apparently having juris-
diction, but fraudulently obtained by a false affidavit of defendants'
nonresidence, is a collateral attack upon the judgment, and must
be commenced within the time limited by statute for the vacation or
setting aside of judgments.

SAME—JUDGMENTS—ATTACK—VENUE—COURTS OF COORDINATE JUR-
ISDICTION—QUIETING TITLE.  Although the statute requires actions to
quiet title to be brought in the county where the real property is
situated, an action to set aside an execution sale of lands in P.
county, under a judgment fraudulently obtained in the superior
court of K. county, cannot be maintained in the superior court of
P. county, since the judgment cannot be attacked in a court of co-
ordinate jurisdiction; and the action must be brought in the su-
perior court of K. county, which has full power to grant the relief
quieting title to the land in P. county.

Appeal from a judgment of the superior court for Pacific
county, Edward H. Wright, J., entered July 25, 1916, upon
sustaining a demurrer to the complaint, dismissing an action
to quiet title, tried to the court.  Affirmed.

*Robert G. Chambers*, for appellant.

*Fred M. Bond*, for respondents.

WEBSTER, J.—This is an appeal from an order and judg-
ment sustaining a demurrer to the amended complaint and
dismissing an action to quiet title to certain lands in Pacific
county, by vacating and setting aside a judgment of the
superior court of King county and cancelling a sheriff's deed
made pursuant thereto.  Plaintiff alleged that, on or about
February 7, 1914, she and the defendant Jackson Silbaugh
entered into a written contract for the exchange of certain

[1]Reported in 164 Pac. 923.

real properties; that, at the time plaintiff signed the con-
tract, Silbaugh pretended to read its contents to her, but
fraudulently failed to read a clause providing for the for-
feiture of $500 as liquidated damages by the party in de-
fault in the event the contract should not be carried out;
that, upon discovering the fraudulent manner in which her
signature to the writing had been procured, plaintiff ac-
cused Silbaugh of the fraud, and he thereupon wrote on her
copy of the contract an addendum to the effect that, if she
should be unable to obtain the sum of $1,000 from one Deven-
ish, or should be unable to realize that amount upon the obliga-
tion due her from him, the forfeiture clause would be waived;
that she thereafter informed Silbaugh that she was unable to
secure money on the Devenish note, and that nothing further
was done toward consummating the exchange; that, on June
23, 1914, Silbaugh commenced an action against her in the
superior court of King county, based upon the forfeiture
clause in the original contract, and such proceedings were
had that, on October 22, 1914, he obtained a default judg-
ment against her in the sum of $500 and costs; that, on July
25, 1914, Silbaugh sued out a writ of attachment which, on
August 7, 1914, was levied upon her property in Pacific
county, the title to which she is now seeking to have quieted;
that the summons in the action was published in the Seattle
Municipal News, commencing August 15, 1914, and ending
on September 26, 1914; that, on December 5, 1915, pursuant
to an execution issued out of the superior court of King
county, the sheriff of Pacific county sold the property in
question for the purpose of satisfying the judgment; that at
said sale Rosetta Silbaugh, the wife of Jackson Silbaugh, be-
came the purchaser of the property, and on December 16,
1915, the sheriff of Pacific county executed a deed conveying
the property to her; that, on January 22, 1916, the deed was
lodged for record in the office of the auditor of Pacific county;
that at no time during the pendency of the action did plain-
tiff have any knowledge thereof, and that her first informa-

tion concerning it was obtained after the deed to Rosetta Silbaugh had been filed for record; that, during the month of August, 1914, the home and residence of plaintiff was upon the land sold under the execution; that the affidavit for publication of summons, sworn to by Silbaugh and filed in the court on August 6, 1914, stated: "The defendant is a nonresident of the state of Washington and cannot be found therein although diligent search has been made;" that this statement was false and untrue, and known to be such by Silbaugh at the time the affidavit was made; that he, in fact, knew the residence and postoffice address of plaintiff, but did not mail a copy of the summons and complaint to her known residence and postoffice address; that the obtaining of the judgment was a fraud upon the superior court of King county and upon the plaintiff, and that the judgment and the deed pursuant to it constitute a cloud upon the title of the plaintiff to the property described in the amended complaint.

Plaintiff prayed that the judgment be vacated, the deed be cancelled, and that title to the property be quieted in her.

The defendant interposed a general demurrer upon the grounds, among others, that the amended complaint did not state facts sufficient to constitute a cause of action, and that the court was without jurisdiction to hear and determine the cause. The demurrer was sustained. Plaintiff declined to plead further, and the action was dismissed. From this judgment, plaintiff appeals.

As we read the amended complaint, it is susceptible of two constructions; first, as an action to quiet title and, incidental thereto, to vacate the judgment and cancel the deed; and second, as an action in equity to vacate and set aside a judgment procured by fraud, brought after the expiration of one year from the entry of judgment but within three years after the discovery of the fraud by which it was obtained. We shall, therefore, consider it in each of its aspects.

If it be considered an action to quiet title, the demurrer was properly sustained upon the ground that the amended complaint did not state sufficient facts. An examination of the pleading discloses that the record presented for the consideration of the King county superior court clothed it with apparent jurisdiction to entertain the action, and the judgment entered in the cause is fair and valid on its face. Its invalidity can only be exposed by evidence *de hors* the record, the defect complained of being that the affidavit of nonresidence upon which the publication of summons was based was false and fraudulent. The judgment is not absolutely void, but is subject only to be avoided in an appropriate action for that purpose.

"Where it appears on the face of the record that no service has been made on the defendant, and the court must know, from a bare inspection thereof, that the judgment is void for want of jurisdiction over the person of the defendant, it will set aside the judgment, on the motion of the defendant or of any one injuriously affected by it; but, when the judgment is valid on its face, it is not thus subject to attack. To set aside a judgment for matters *de hors* the record, it must be attacked by some one of the statutory methods for the vacation of judgments, and within the time limited by statute, or by a suit setting up some equitable ground for its vacation." *Scott v. Hanford,* 37 Wash. 5, 79 Pac. 481.

See, also, *State ex rel. Pacific Loan & Inv. Co. v. Superior Court,* 84 Wash. 392, 146 Pac. 834; *Doble v. State,* 95 Wash. 62, 163 Pac. 37; *Benjamin v. Ernst,* 83 Wash. 59, 145 Pac. 79; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; 1 Freeman, Judgments, §§ 132 and 334.

In *Magee v. Big Bend Land Co.,* 51 Wash. 406, 99 Pac. 16, this court held that an action to quiet title and recover possession of lands sold at an administrator's sale, alleged to have been made without jurisdiction, is a collateral attack upon the probate proceeding. In *Peyton v. Peyton, supra,* it was held that, if an action or proceeding has an independent purpose and contemplates some other relief or result than

that of vacating and setting aside the judgment, although the overturning of the judgment may be important and even necessary to its success, the attack upon the judgment is collateral. See, also, *Kalb v. German Sav. & Loan Soc.*, 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; 1 Black, Judgments, § 252.

Inasmuch as the judgment was not void and, therefore, not open to collateral attack—and an action to quiet title must be treated as such an attack—the amended complaint fails to state a cause of action. If, on the other hand, the action is to be treated as one in equity to vacate a judgment on the ground of fraud, the superior court of Pacific county was without jurisdiction to entertain it. In *Case Threshing Machine Co. v. Sires*, 21 Wash. 321, 58 Pac. 209, it was held that a decree of a court of competent jurisdiction may not be set aside by a court of coordinate jurisdiction. In *Bayer v. Bayer*, 83 Wash. 430, 145 Pac. 433, we reaffirmed that doctrine, enunciating the rule that the power to vacate judgments is inherent in, and to be exercised by, the court which rendered the judgment, and to that court and no other the application to set aside the judgment must be made, quoting with approval 1 Black on Judgments (2d ed.), § 297, as follows:

"The power to vacate judgments is an entirely different matter from the power to reverse judgments. It is a power inherent in and to be exercised by the court which rendered the judgment, and to that court and no other the application to set aside the judgment should be made. As between courts of coordinate jurisdiction, such as two county courts or circuit courts of the same state, the rule is that neither has power to vacate or set aside a judgment rendered by the other which is not void upon its face; relief must be sought in the court where the judgment was entered."

In *Doble v. State, supra*, the appellants were seeking to declare null and void, in the superior court of Thurston county, a decree of the superior court of Whitman county in the matter of the estate of one Samuel Doble, deceased. Judge Mount, speaking for the court, said:

"We are also of the opinion that the trial court was right in sustaining the demurrer upon the ground that the superior court of Thurston county, being a court of coordinate jurisdiction with the superior court of Whitman county, did not have jurisdiction to set aside a decree of the superior court of Whitman county. This court has held that a decree of a probate court, distributing an estate, is binding upon the world until set aside in a direct proceeding, and cannot be attacked in a collateral proceeding except for fraud in its procuring, or want of jurisdiction appearing upon the face of the record."

See, also, *Missouri Pac. R. Co. v. Lasca,* 79 Kan. 311, 99 Pac. 616, 21 L. R. A. (N. S.) 338; 17 Am. & Eng. Ency. Law (2d ed.), 842.

Counsel for appellant cites and relies upon the cases of *Krutz v. Isaacs,* 25 Wash. 566, 66 Pac. 141, and *Tacoma Grocery Co. v. Draham,* 8 Wash. 263, 36 Pac. 31, 40 Am. St. 907, as supporting his contention that the superior court for Pacific county has jurisdiction of the action. In the *Krutz* case, the action was brought in the superior court of Walla Walla county to recover possession of certain real estate situated in that county, and to quiet plaintiff's title against a sheriff's deed executed in pursuance of a judgment rendered in the superior court for Walla Walla county. The attack was direct, and the action was instituted in the court which had rendered the judgment of which complaint was made. The court, having jurisdiction of the action for the purpose of vacating and setting aside its own judgment, could, in the same action, afford complete relief to the parties by quieting plaintiff's title. In the *Draham* case, the judgment complained of was absolutely void upon its face, and was, therefore, open to direct or collateral attack, either in the court in which it was rendered or elsewhere.

It is insisted in behalf of plaintiff that the cloud on her title is caused directly by the deed from the sheriff of Pacific county to Rosetta Silbaugh; that this deed is based upon the judgment of the superior court for King county; that it is

impossible to remove the cloud without attacking the cause of it, and that an action to quiet title must be brought in the superior court of the county in which the property is situate. He then propounds this query: "Is there any legal reason why the plaintiff should first bring an action in King county to set aside the judgment, and then another action in Pacific county to set aside the sheriff's deed and quiet her title?" The conclusion implied in the question does not follow the premise. The answer to the question is this: From the allegations of the amended complaint, it appears that the plaintiff, without fault or neglect on her part, did not discover the existence of the alleged fraudulent judgment until long after the expiration of the one year in which she might have availed herself of the statutory methods for its vacation, and under the decisions in *Peyton v. Peyton, supra,* and kindred cases, she has the clear right to institute an action in equity to set aside the judgment upon the ground of fraud practiced both upon herself and the court rendering the judgment. Under the authorities already cited, this action must be instituted in the superior court for King county, the jurisdiction in which the judgment was rendered, and if plaintiff should be able to sustain the necessary allegations of her complaint in such an action, the court would grant to her full and complete relief, either by way of cancelling the judgment and the deed pursuant to it, or by setting aside the judgment and compelling a reconveyance of the property to her, in which event no action in Pacific county to quiet title would be necessary.

In the memorandum decision of the learned trial court, it is suggested that a doubt is entertained as to the scope and effect of the opinion of this court in *Seattle & Northern R. Co. v. Bowman,* 53 Wash. 416, 102 Pac. 27. It is said that it seems to be held in that case that the only methods of vacating a judgment in this state are those provided by §§ 5153 and 5156, Bal. Code, being §§ 464 and 467, respectively, of Rem. & Bal. Code. An examination of that case discloses that the

parties seeking to set aside the judgment had knowledge of its existence within the year during which they could have moved or petitioned for its vacation under the statutes. It was not held that a party could not, after the expiration of one year from the entry of a judgment, maintain an action in equity to set it aside upon the ground of fraud in its procuring if, without fault on his part, the existence of the fraudulent judgment was unknown to him during the statutory time.

The rule announced in *Peyton v. Peyton, supra,* and the other cases from this court to the same effect, was in no way modified or affected. See *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088.

The judgment will be affirmed, but without prejudice to the right of the plaintiff to institute an action in the superior court of King county to vacate and set aside the judgment and deed upon the ground of fraud discovered more than one year after the rendition of the judgment and within three years after its discovery.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.