[No. 15240. Department Two. July 8, 1919.]

NETTIE O. ROWE, *Respondent,* v. JACKSON SILBAUGH
*et al., Appellants.*[1]

JUDGMENT (38, 137-1)—SETTING ASIDE—INVALID SERVICE. A judgment of default upon publication of summons and attaching land as the property of a nonresident is properly set aside for fraud, where it appears that plaintiff commenced suit by mailing summons to defendant's former address, after being informed that she had left there and was probably on the land, without any attempt to make personal service, when any diligence would have disclosed that she was residing on the land from the commencement of the action until entry of judgment, and she had a valid defense and no notice of the suit.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 1, 1918, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

[1]Reported in 182 Pac. 576.

·Fred M. Bond and Jackson Silbaugh, for appellants.
R. G. Chambers, for respondent.

PARKER, J.—This is a suit in equity, commenced in
the superior court for King county, wherein the plain-
tiff, Mrs. Rowe, seeks the setting aside of a judgment
rendered against her by default in that court in favor
of the defendant Mr. Silbaugh, and also the cancel-
lation of a sheriff's deed purporting to convey to Mrs.
Silbaugh a tract of land belonging to Mrs. Rowe in
the town of Long Beach, in Pacific county, in this
state, in pursuance of a sale thereof made under an
execution issued upon that judgment. A trial upon the
merits resulted in judgment in the superior court set-
ting aside the judgment and cancelling the sheriff's
deed as prayed for, and permitting Mrs. Rowe to ap-
pear and defend in the action in which that judgment
was rendered. From this disposition of the cause,
the defendants have appealed to this court.

The ground upon which the relief prayed for by
Mrs. Rowe and granted by the court was rested was
fraud in procuring the judgment sought to be set
aside. The facts touching this question may be sum-
marized from the record before us, as follows: We
first note that all that was done by both Mr. and Mrs.
Silbaugh in procuring the judgment sought to be set
aside and in the taking of title to Mrs. Rowe's land
under the sheriff's deed was manifestly done for and
in behalf of the community composed of Mr. and Mrs.
Silbaugh. · In February, 1914, Silbaugh and Mrs. Rowe
entered into a contract in writing for an exchange of
real property. This contract was executory, providing
for the doing of several things by the respective parties
looking to a consummation of the exchange. It con-
tained, among other provisions in the body thereof, a
stipulation that, ''In case of the failure of either party

to make the exchange of titles in accordance with the above agreement, unless due to a failure of title beyond the power of such party to remedy, the party in default shall forfeit as liquidated damages the sum of $500.'' Shortly after the signing of the contract, Silbaugh and Mrs. Rowe modified this forfeiture clause of the contract by indorsement upon the paper upon which the contract was written, following their signatures thereon, which indorsement was signed by both Silbaugh and Mrs. Rowe. In July, 1914, the exchange of the properties not having been consummated, Silbaugh commenced an action in the superior court for King county, seeking recovery of damages from Mrs. Rowe, rested upon her alleged failure, without excuse, to comply with the terms of the exchange contract, and claiming $500 liquidated damages, as stipulated in the body of the contract. Assuming that Mrs. Rowe could not be served personally in this state, Silbaugh, on July 25, 1914, commenced his action by the filing of a complaint, at the same time filing his affidavit for the issuance of a writ of attachment, stating the purpose of the action, and that Mrs. Rowe ''is a nonresident of the state of Washington.'' A writ of attachment was thereupon issued, and on August 7, 1914, was levied upon Mrs. Rowe's land here involved. On August 6, 1914, Silbaugh filed his affidavit for the publication of a summons, stating that ''the defendant is a nonresident of the state of Washington and cannot be found therein, although diligent search has been made;'' and that on that day he had duly mailed a copy of the summons and complaint in the action, addressed to her at 137 Short street, Edmonton, Alberta, he believing that to be her then postoffice address. The summons was first published on August 15, 1914, in a Seattle paper, and directed the defendant to appear within sixty days after that date.

On October 22, 1914, Mrs. Rowe having failed to appear in the action, and the service of summons by publication and the issuance and levy of the writ of attachment upon her land being shown to the court, as above noticed, judgment was rendered by the court against her, upon motion of counsel for Silbaugh, for the full amount claimed, to wit, $500 as liquidated damages. No summons was ever placed in the hands of any officer or person with a view of serving the same upon Mrs. Rowe personally. Mrs. Rowe had been at Edmonton for some time prior to about the middle of June, 1914, which fact was known to Silbaugh, but she left there about that time, coming to Seattle, where she stopped a day or two and called upon Judge Salisbury, who had been for several years, and was then, her legal adviser. She then went to Portland to see her husband, who was employed there, and a few days later went to Long Beach to look after her property which is here involved. After staying at Long Beach a few days, she went back to Portland to get some things to take to her place at Long Beach, with a view of spending the summer there, arriving again at Long Beach not later than August 3, 1914. She then remained at Long Beach upon the land continuously until some time in October of that year. This period of her stay upon the land, it will be noticed, commenced before the date of the making of the affidavit for publication by Silbaugh and the publication of the summons, and continued until about the time of the rendering of the judgment against her on October 22, 1914. Silbaugh was well acquainted with Judge Salisbury, Mrs. Rowe's attorney, and we think it plain from the evidence had, a short time before commencing the action, learned from him that Mrs. Rowe was not then at Edmonton, but had been to Seattle and had gone to Portland on her way to Long Beach. Mrs. Rowe first

discovered in January, 1916, that she had been sued by Silbaugh, that a judgment had been rendered against her by default, and that her land had been sold under an execution issued upon such judgment. While the evidence is not entirely free from conflict, we are quite convinced, as the trial court evidently was, that the facts as above summarized are fully established by the evidence.

These facts, we think, show that Silbaugh did not exercise that degree of diligence in seeking personal service upon Mrs. Rowe within this state which the law demands in such cases, though it may be conceded that Silbaugh, at the time of making and filing his affidavit, on August 6th, for publication of summons, then honestly believed Mrs. Rowe was a nonresident of the state. Mrs. Rowe's actual presence upon the very land at Long Beach sought by Silbaugh to be subjected by the action to the payment of his claim, continuously from prior to the making of his affidavit for publication until about the time of rendering judgment; Silbaugh's knowledge that she was not at Edmonton when he commenced his action and mailed the summons to her there; his information that she was then probably at Portland or at Long Beach; his entire failure to attempt personal service of summons upon her at Long Beach or elsewhere; and her entire ignorance of the pendency of the action until long after judgment was rendered against her, it seems to us argues all but conclusively in support of the relief prayed for by her and granted by the trial court, if she has shown that she has a valid meritorious defense to the claim of Silbaugh upon which the judgment by default was rendered against her. And this we think she has clearly shown, as held by the trial court. We think the case does not call for further discussion. The case of *Rowe*

*v. Silbaugh,* 96 Wash. 138, 164 Pac. 923, L. R. A. 1918D 466, is of interest as a part of the history of this controversy.

The judgment is affirmed.

HOLCOMB, C. J., and MOUNT, J., concur.