ADAMSON, Respondent, v. MINNEHAHA COUNTY, Appellant

(293 N. W. 542.)

(File No. 8367. Opinion filed August 16, 1940.)

Rehearing Denied August 30, 1940.

424

**E. D. Barron** and **N. A. Boe,** both of Sioux Falls, for Appellant.

**Louis H. Smith,** of Sioux Falls, for Respondent.

SMITH, P.J.   Under our statutes a county jailer is required to receive and safely keep prisoners of the United States committed to the county jail, and is required to furn-

ish board to all prisoners therein confined. SDC 13.46. For the board of state prisoners, he receives an allowance fixed by the Board of County Commissioners, SDC 12.1003 (29), and the statute SDC 13.4610 provides that the United States shall be liable to pay for the support and keeping of its prisoners the same charges and allowances as are allowed for the support and keeping of prisoners of the state. By SDC 12.1006 it is provided: "Jail expenses: prisoners from other jurisdictions; collection and payment to county. Whenever any person shall be confined in any county jail by authority of the United States or of any state or territory other than this state or any county other than the county in which such jail is located, it shall be the duty of the sheriff, jailer, or other person in charge of such jail, to charge and collect, in addition to the charges allowed by law for persons confined by authority of his own county, such further sum or sums as shall be necessary to fully compensate and reimburse the county for money actually and necessarily expended for fuel, light, and other expenses in the keeping of such person. The amount of such expense shall be fixed by the board of county commissioners and collected by the sheriff or other person in charge of such jail in the manner and at the time other charges provided by law are by him collected, and when so collected the same shall be by him promptly turned over to the county treasurer of such county." Purporting to act under these statutes, the Board of County Commissioners of Minnehaha County passed resolutions fixing the allowance of the sheriff for board at 60c per prisoner per day, and fixing the expense of the county for fuel, light, etc., in connection with the keeping of federal prisoners, at 25c per prisoner per day.

During the period of time involved in this action, the plaintiff county jailer received 85c per prisoner per day from the United States under a contract by the terms of which he assumed all liability to the county for use of the jail as a place to confine federal prisoners. It was the practice of the sheriff to pay over to the county the entire amount collected from the United States and to bill the county for 60c per prisoner per day. At the time of the

commencement of this action the remaining 25c per prisoner per day had aggregated to a sum of $1,165.25. The sheriff seeks to recover that amount with interest from the county. The sheriff contends that no sum is due to the county for the use of the jail in keeping federal prisoners until the Board of Commissioners, acting under SDC 12.1006, has made an investigation of the actual expense of the county and has fixed that expense by resolution. He argues that the resolution pleaded by the county and received in evidence is void because arbitrarily made without investigation. The cause was tried to the court, and findings, conclusions and judgment were for the sheriff. The county has appealed, and assigns insufficiency of the evidence to support the findings, and asserts that the findings do not support the conclusions.

■■ Much space in the briefs is devoted to the doctrine of collateral attack as applied to a quasi-judicial determination of the Board of County Commissioners. The county contends that its Board of Commissioners was acting in a quasi-judicial capacity in fixing the expense of the county under SDC 12.1006, supra; that its determination is conclusive as against collateral attack; and that the attack of the sheriff made in this action which has the recovery of money as its purpose, is collateral in character. We think these contentions of the county are sound. The principles applicable to judgments in general apply to the quasi-judicial determinations of a Board of County Commissioners. 20 C.J.S., Counties, § 94, page 874. An attack is collateral if made upon a judgment in an action that has an independent purpose other than impeaching a judgment, even though impeaching the particular judgment may be essential to the success of the action. Rowe v. Silbaugh, 96 Wash. 138, 164 P. 923, L.R.A. 1918D, 470. The purpose of this action was to recover judgment as for money paid over to the county.

■■ In Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471, this court said: "The term 'quasi-judicial' is used to describe acts, not of judicial tribunals usually, but acts of public boards and municipal officials, presumed to be the

product or result of investigation, consideration, and human judgment, based upon evidentiary facts of some sort, in a matter within the discretionary power of such board or officer." The power committed to the Board of Commissioners by SDC 12.1006 requires the exercise of discretion and judgment in the light of facts revealed by investigation, and is quasi-judicial. Codington County v. Board of County Commissioners, 51 S. D. 131, 212 N. W. 626; State ex rel. Cook et al. v. Richards, 61 S. D. 28, 245 N. W. 901.

These propositions are not seriously questioned by the sheriff. Supported by an unbroken line of pronouncements by this court he states, however, that a theory may not be urged for the first time on appeal, and contends that the doctrine of collateral attack was not raised below. The views we entertain render a determination of this issue unnecessary.

The resolution was attacked below. All such attacks are either direct or collateral. Rowe v. Silbaugh, 96 Wash. 138, 164 P. 923, L.R.A. 1918D, 470. If the attack was collateral and the question was raised below, the learned trial court erred in failing to give conclusive effect to the resolution of the Board of Commissioners. If the attack was collateral and the county failed to raise the point below, and suffered the attack to be made, or if the attack was in fact direct, before it can prevail and the resolution be impeached, the evidence must be sufficient for that purpose. If it be conceded for the purpose of this opinion that failure to carry on any reasonable investigation would render the resolution of the Board arbitrary and subject to attack, we think the evidence was insufficient to impeach the resolution.

Speaking broadly, the sheriff contented himself by showing that the county would have been put to approximately the same expense if no federal prisoners were confined in the county jail, and by introducing the conclusions of the sheriff and an ex-deputy that the Commissioners had made no investigation to determine the expense of the county.

█ Certain presumptions attend the actions of public officers and boards. Until the contrary is clearly shown, it is presumed that they perform their duties in accordance with law. Needless to say, the unfounded conclusions of the sheriff and ex-deputy carry no weight as against this attending presumption of regularity. It remains for us to consider whether the facts shown, indicating that no "extra expense" was incurred by the county, were sufficient to support the findings and conclusions of the court.

██ We think the fundamental error of court and counsel arises from the conclusion that SDC 12.1006, supra, only contemplates a charge to be based upon "extra" expense incurred by the county. The county actually and necessarily expends money from day to day to operate its jail. It also suffers loss from day to day through depreciation and obsolescence of its jail structure, and according to the practice of accountancy, this loss constitutes a part of its operating costs. We think the Legislature intended that the United States should share in the operating expense of the jail, and that it used the words fuel, light, and other expenses, to exclude charges for depreciation and obsolescence, and committed the determination of the proper allocation of the actual out of pocket expense as between state and federal prisoners on a per prisoner basis to the Board of Commissioners. If such be the correct interpretation of the statute, it is manifest that proof that the County was put to almost no "extra expense" can have little weight in indicating whether the resolution was made without investigation and was arbitrary. Such a showing will not overcome the presumption of regularity.

It follows that we are of the opinion that the judgment and order of the trial court must be reversed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.
WARREN, J., not sitting.