LAFOON SCHOOL DISTRICT et al., Appellants v. FAULK

COUNTY BOARD OF EDUCATION et al., Respondents

(108 N.W.2d 467)

(File No. 9828. Opinion filed April 5, 1961)

**Lawrence E. Kayl,** Redfield, for Appellants.

**L. A. Melby,** States Atty., Faulkton, for Respondents.

RENTTO, J. This is another in our growing series of cases involving school district reorganization.

On June 14, 1957 the Faulk County Board of Education adopted a master plan for the reorganization of the schools of that county. It proposed to divide the county into five districts. The one here involved was designated Faulkton Independent School District No. 34. On April 15, 1958 it was voted on by the electors of all of the old school districts, or parts thereof, which the master plan included in this proposed new district. A number of the districts involved favored the proposed reorganization, including Tamworth School District No. 22 and that part of Myron School District No. 15 which was included in it, being the southerly part thereof. The areas approving the proposal were declared to be the new district.

The proposed reorganization was disapproved by some of the districts. One of these was Lafoon District No. 12. The Tamworth District adjoins the Lafoon District on the west and the Myron District adjoins it on the north. On May 9, 1958 all of the electors in a small area in the

southwest corner of the Lafoon District petitioned the County Board of Education that their area be changed from the Lafoon District and "become a part of Tamworth School District No. 22, which has voted to become a part of the Faulkton Independent School District No. 34". On May 15, 1958 all of the electors in an area consisting of about the west half of the Lafoon District petitioned that their area be changed from the Lafoon District and "become a part of that part of Myron School District No. 15 * * * which voted to become a part of Faulkton Independent School District No. 34."

In due course both of these petitions were approved by the county board and the requested changes ordered—the first on May 14, 1958 and the second on May 17, 1958. These transfers of territory reduced the assessed valuation of the Lafoon District from $565,874 to $314,210, but they did not result in any more or less districts than those already in existence nor did they leave any district with less than the minimum requirements of a school district. From these actions of the county board, those who are appellants herein, appealed to the circuit court.

These matters were consolidated and submitted to the court on a stipulation of facts which included as an exhibit the proposed master plan for the reorganization of the school districts of Faulk County. The circuit court was of the view that the actions of the county board were authorized by Sec. 20, Ch. 8 of Ch. 41, Laws of 1955, as amended by Sec. 3, Ch. 62 of the Laws of 1957. Accordingly, on July 20, 1959, judgment was entered affirming the actions of the county board. These appeals are from that judgment.

The statute under which the petitioners acted and on which the court based its decision reads as follows:

"Change of district boundaries. The county board shall have the power at its discretion upon proper petition as herinafter provided to change any boundary of any school district within its county without a vote of any electors providing

the boundary change does not create any more or any less school districts than those already in existence and providing such change meets the requirements and limitations for reorganization.

"All applications for a change in school district boundaries must be made to the county board of education in the form of a petition signed by over fifty percent of the electors residing in the area to be transferred by such boundary change. Any boundary change made under this section of the law shall not leave any school district with less than the minimum requirements of a school district as provided in this chapter."

■ Appellants' principal contention in opposition to the actions of the county board and the trial court is that the quoted statute authorized such boundary changes only between districts that had been reorganized and then only if they were minor in nature. Their argument in effect contends that Sec. 20 did not provide a method of school district reorganization. These contentions are contrary to our interpretation of that statute in Glenham Independent School District v. Walworth County Board of Education, 78 S.D. 63, 98 N.W.2d 348, 350. We adhere to that holding. The Glenham opinion specifically points out that Ch. 8 of Ch. 41 of the Laws of 1955 in subsection 1 of Sec. 1, now subsection 1 of SDC 1960 Supp. 15.2001, defines reorganization to "mean and include the formation, consolidation, or subdivision of school districts or any alteration whatsoever of school district boundaries."

■ Their next claim is that the petitions presented to the county board were ineffectual because the areas which the petitioners were seeking to become a part of had lost their legal existence by having previously thereto voted to be included in the reorganized Faulkton Independent School District No. 34. This, in our view, is without merit. Ch. 8 of Ch. 41 of the Laws of 1955 in subsection 7 of Sec. 5 states:

"All reorganization shall take effect the July first after the action has been approved by the electors or the county board, as provided by law;".

Until that date all of the areas voting or petitioning to be a part of the reorganized district retained the status they had prior to the election or the approval of their petitions.

■ While these petitioners stated that they desired to become a part of the Tamworth and Myron Districts respectively, it is clear from their petitions that in reality they were asking to be made a part of the reorganized district which had just recently been approved in the election on the master plan—the Faulkton Independent School District No. 34. The fact that these requests were anticipatory in nature does not make the petitions invalid. The plan voted on, excluding any disapproving district or districts, went into effect upon the decision of the county board that it was still feasible. SDC 1960 Supp. 15.2015. During the transition period, after the approval of the reorganization and before it becomes an operative district, the School District Organization law sanctioned numerous actions in anticipation of the new district coming into being. See subsection 7 of Sec. 5 of Ch. 8 of Ch. 41, Laws of 1955; and SDC 1960 Supp. 15.2019 and 15.2021.

■ Appellants also suggest that the county board abused its legislative discretion in approving these petitions. This is bottomed on the reduction made thereby in the assessed valuation of the Lafoon District. Manifestly the reduction in this valuation is drastic—from $565,874 to $314,210—but this fact is the only one pertinent to this issue made a part of the stipulation on which the case was submitted. While the master plan, which is in evidence, contains a statistical picture of the Lafoon District as it was before these boundary changes were ordered, the record is silent as to what it was after that. In reviewing the decisions of the county board we must bear in mind that its actions are presumed to be lawful until the contrary is clearly shown. Adamson v. Minnehaha County, 67 S.D. 423, 293 N.W. 542. This record does not reveal facts

sufficient to overcome that presumption. Accordingly, we are compelled to hold that the board did not abuse the discretion committed to it.

Affirmed.

SMITH, P.J., and BIEGELMEIER, J., concur.

ROBERTS, J., concurs in affirmance.

HANSON, J., dissents.

ROBERTS, Judge (concurring).

I agree that this case is ruled by Glenham Independent School District v. Walworth County Board of Education, 78 S.D. 63, 98 N.W.2d 348, but I was not in accord with the interpretation in that case of the provisions of Section 20, Chap. 8 of Chap. 41, Laws 1955, providing for change of boundaries. Since submission of the present appeal, the legislature has amended section 20 giving effect seemingly to what had been originally its intended meaning. Chap. 73, Laws 1961. The majority holding in the Glenham case, however, was the declared law of this state and controlling in the instant proceeding. I concur in the affirmance solely on that ground.