FAIRVIEW IND. SCH. DIST., et al., Appellants v. CO. BD. OF ED. OF HAND CO., Respondent

(197 N.W.2d 413)

(File No. 10930. Opinion filed May 9, 1972)

**Charles Lacey** and **Patrick H. Lacey,** Sioux Falls, for appellants.

**Ronald D. Campbell,** of **Heidepriem & Widmayer, Miller,** for respondent.

BIEGELMEIER, Judge.

This appeal involves a minor boundary change of a school district. SDCL 13-6-84 authorizes a county board of education at its discretion to make boundary changes under conditions described in §§ 13-6-85 and 13-6-86. SDCL 13-6-85 provides a minor boundary

change affecting not more than 5% of the value of a district from which the area is to be taken may be made by the county board upon a petition signed by over 50% of the electors residing in the area to be transferred by the change.

Fairview Independent School District had an assessed valuation of $1,869,188 when on a petition the Hand County Board of Education transferred 1120 acres of land valued at $55,242 to the Alden Common School District. This petition was signed by all the electors on the land to be transferred, and, as the figures indicate, involved 2.95% of the assessed value of Fairview.

The county board of education approved the petition and the boundary change which, in effect, transferred the 1120 acres to Alden. This decision was appealed to the circuit court which, after a trial de novo,[1] entered findings of fact, conclusions of law and a judgment wherein it concluded the county board had not acted arbitrarily or unreasonably, nor had it manifestly abused its discretion as appellants claim; the circuit court affirmed the board's decision.

▉▉▉ The formation of school districts is entirely within the power of the legislature and their enlargement, diminution or dissolution is a legislative function.[2] Therefore, in reviewing decisions of a county board, courts must bear in mind that the board's actions are presumed lawful until the contrary is shown. Here, the board's action is further supported by the decision of the circuit court which also is presumptively correct.[3] It follows the burden is on the party alleging error to show it affirmatively by the record.[4] In the Dunker opinion (supra, note 1) that burden was referred to in the following manner:

"Only when the legislative agency has acted unreasonably, arbitrarily, or has manifestly abused its discretion

---

1. SDCL 13-46-6; but see Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10.
2. Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10.
3. Lafoon School District v. Faulk County Board of Education, 1961, 79 S.D. 103, 108 N.W. 2d 467; Custer County Bd. of Ed. v. State Comm. on Elementary & Secondary Ed., 86 S.D. 215, 1972, 193 N.W.2d 586.
4. Authorities note 1 and opinions cited therein.

in exercising legislative authority may the courts interfere with the action of the county boards in this area."

It is under these principles that the court must measure whether or not the board abused its discretion.

■■ · The testimony aduced at the trial in circuit court was rather sketchy; however, it appears there is a parochial elementary school operating in Polo, a town located in the Fairview District, and that while the Fairview District operates a high school (grades 9 through 12), it does not maintain a school for the first eight grades. The land detached is on the south edge of Fairview and adjacent to the Alden Common School District to which it was attached. Gordon Slunecka, who was a petitioner for the change of boundary, resided on the land detached, and his children not being able to attend an elementary school in Fairview attended the Alden District elementary or common school. The value of land detached was well within the 5% limit; the petition for change of the boundary was signed by all the electors thereof, so these two statutory requirements were met. Petitioner Slunecka's children were compelled to attend a school in a district where he had no right to vote for its officers or on any issues that arose and had no voice in the operation or conduct of the school. It further appears that shortly before the 1¾ sections of land were taken from Fairview (with $562.74 tax revenues out of $52,000 annual receipts) that eight sections had been added to Fairview. From these facts we cannot conclude the county board abused the discretion vested in it. That the new south boundary was not a straight line is of no consequence, as no statute requires it.

■ Appellants next urge SDCL 13-6-84 is unconstitutional, claiming absolute, unregulated and undefined legislative power is delegated to the county board, and point out certain clauses formerly in its predecessor session laws were omitted. The opinion of the court in Warner Independent School District v. Brown County Board of Education, 1970, 85 S.D. 161, 179 N.W.2d 6, discussed some phases of SDCL 13-6-84 and 13-6-85, and sustained the action of a county board acting under them. The court there

mentioned and we here have alluded to, the statutory standards of the 5% of valuation limit requirement, that at least 50% of the resident electors sign the petition and then the further provision of the exercise of the board's discretion. The Warner opinion takes note that the requirement that the members of the board be residents of the district, and thus familiar with the educational problems and opportunities involved, is of some significance. To these, other guides may be added: SDCL 13-6-6 states no boundary change shall be approved which shall cause the assessed valuation to be reduced below $200,000, and all territory in any town or city shall be included in the same district. We believe the legislature provided sufficient standards for the boundary change involved.

▮ Appellants' claim that the board's decision denied them equal protection of the law was answered in the Warner opinion where it was said "statutes authorizing the alteration of school district boundaries do not deny equal protection or due process of law."[5]

The judgment is affirmed.

All the Judges concur.

---

5. Custer County Bd. of Ed. v. State Comm. on Elementary & Secondary Ed., note 2.