[No. 3391.  Decided December 15, 1899.]

MONROE J. FRIEDMAN et al., Appellants, v. CHARLES H. MANLEY et al., Respondents.

JUDGMENT—VACATION—GROUNDS.

A judgment will not be vacated upon grounds that have already been passed upon by the court in denying a motion for a new trial.

SAME—WHEN PERJURY SUFFICIENT GROUND.

Perjury is not a ground for vacating a judgment, unless there is connected with it such circumstances as will relieve the opposite party from all implication of want of diligence and completely deceive him as to the nature of the testimony.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

F. S. Blattner, for appellants.

Johnson Nickeus and Emmett N. Parker, for respondents.

The opinion of the court was delivered by

GORDON, C. J.—This is a proceeding under ch. 17, tit. 28, Ballinger's Code, to vacate a judgment theretofore rendered by the superior court of Pierce county, and sub-

sequently affirmed by this court (see *ante,* p. 43, 56 Pac. 832), upon the following grounds: (1) Fraud practiced by respondents; (2) unavoidable casualty and misfortune; (3) newly discovered evidence.

On hearing the evidence in support of the petition, the lower court entered judgment denying the application, and the present appeal was taken therefrom. An examination of the petition discloses that the grounds upon which it is based are similar to those set up in support of the petitioners' motion for a new trial in the original action. We sustained the order of the trial court which denied that motion. *Friedman v. Manley, ante,* p. 43 (56 Pac. 832).

Certain it is that, as to the newly discovered evidence and unavoidable casualty and misfortune which is referred to and relied upon in the petition, no new question is presented.

In its facts the present case is very much like that of *McDougall v. Walling,* decided by this court on October 4, 1899, *ante,* p. 478. In the course of the opinion in that case we said:

" Perjury is not specified in our statute as a distinctive ground for vacating a judgment. There must at any rate be connected with it such circumstances as will relieve the opposite party from all implication of want of diligence and deceive him completely in the nature of the testimony."

Upon the former appeal of *Friedman v. Manley, supra,* the main effort of the counsel for the appellants was directed to showing that they were surprised at the nature of the evidence introduced by the respondents, and that it was such surprise as warranted a new trial. We endeavored, in the course of the opinion, to show the fallacy of that position. The position has not been strengthened in the present proceeding, and it will not do to sanction a

course of procedure that will permit a defeated party, after final judgment, to revive the litigation for the sole purpose of having a re-examination of the issues which were concluded by the former judgment. We held upon the former appeal that the evidence which was alleged by appellants to have constituted "surprise" was clearly within the issues raised by the pleadings, and that the exercise of proper diligence would have enabled the appellants to have been prepared for it.

In *McDougall v. Walling, supra,* we also said:

" It cannot be the rule that a judgment can be attacked for fraud because in the trial the prevailing party defendant failed to voluntarily disclose the weakness of his defense or some evidence which would tend to overthrow his defense. Ordinarily the pleadings must determine what issues will be tried, and it has never seemed to be the practice that a party must disclose to his adversary what his testimony will be or that he must suggest testimony for his adversary."

The conclusion reached by the superior court was right, and its judgment is affirmed.

REAVIS, FULLERTON and DUNBAR, JJ., concur.