[No. 12629. Department One. October 16, 1915.]

JOHANNA E. BANNING, *Appellant*, v. WALTER LIVESLEY *et al.*, *Respondents.*[1]

LANDLORD AND TENANT—RENT—LIEN—WAIVER—ELOIGNMENT OF CROP. A landlord, by consenting to the sale of a crop of hops and receiving part of the proceeds to apply on the rent, waives the statutory lien for the balance of the rent, and hence cannot hold a purchaser for an eloignment on removal of the hops without paying the rent.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered October 17, 1914, in favor of the defendants, in an action in tort, tried to the court. Affirmed.

*Fred Parker*, for appellant.

*H. J. Snively*, for respondents.

MORRIS, C. J.—Appeal from a judgment dismissing a cause of action predicated upon an alleged eloignment of hops upon which appellant claimed a landlords' lien. Appellant is the owner of the land upon which the hops were grown. Respondent Walter Livesley was the lessee, and Robert Livesley is a hop broker who purchased the hops, paying to appellant $1,000 proceeds of the sale of the hops to apply upon the rent, and leaving a balance of $1,000 to become due at a later date, and which not being paid, this action was brought.

The only question involved in the appeal is whether or not Robert Livesley is liable to appellant as for an eloignment of the hops. The answer to this question, as here presented, depends upon whether or not appellant consented to the sale of the hops. The lower court found that she did, and upon such finding dismissed the action. It cannot be questioned but that a landlord who consents to the sale of a

[1]Reported in 152 Pac. 4.

crop raised upon his land, before the payment of the rent, waives his statutory lien, and that when the landlord consents to such sale and receives part of its proceeds as rent with knowledge of the facts, it is a ratification of the sale and the lien is lost. *Foxworth v. Brown*, 120 Ala. 59, 24 South. 1; *Planters' Compress Co. v. Howard*, 35 Tex. Civ. App. 300, 80 S. W. 119; *Cohn v. Smith*, 64 Miss. 816, 2 South. 244; *Wimp v. Early*, 104 Mo. App. 85, 78 S. W. 343.

It is clear from the record that the lower court correctly found as to appellant's consent to the sale, and her knowledge of the fact that it was made for the purpose of obtaining money with which to meet the demand for rent. It is not denied that she requested Robert Livesley to try and get Walter Livesley to contract the hops and thus obtain money to pay the $1,000 then due, and for this purpose Robert Livesley did contract for the purchase and future delivery of the hops at the then full market price, and paid $1,000 of the contract price to the appellant to apply on the rent then due.

Respondent seeks to meet this testimony by saying that it was immaterial to her when, where, or for what price the hops were sold, so long as she received the money due her. This is probably true in one sense, but it is material in law when, in order to raise the money to pay the rent due, she consents to the sale. Under such circumstances, she cannot claim her lien. This fact determines the issue. Robert Livesley having purchased the hops with appellant's consent, if not at her request, and for her benefit, cannot now be held for eloignment.

The judgment is affirmed.

MOUNT, HOLCOMB, and CHADWICK, JJ., concur.