[No. 13650.  Department Two.  February 17, 1917.]

MARY DAVIS, *Appellant*, v. LINNIE D. SEAVEY, *Respondent*.[1]

EXECUTORS AND ADMINISTRATORS—DISTRIBUTION—DECREE—CONCLU-
SIVENESS—FRAUD.  The probate of a will and final distribution of
the estate cannot be set aside after the lapse of two years for the
fraud of the executrix in suppressing a codicil in favor of the plain-
tiff; since it is merely an attack upon the final decree of distribu-
tion because of the presentation of false evidence touching the
merits of the question as to who were the proper distributees.

SAME.  In such a case there can be no recovery of the amount
of the codicil on the theory that the defendant held the distributed
property as trustee for the plaintiff.

WILLS — CONTEST — LIMITATION.  An action for an accounting
against the executrix of a will cannot be sustained as a will con-
test, unless commenced within one year following the probate of
the will, under Rem. Code, § 1307, limiting the time for contesting
a will.

JUDGMENT—VACATION—LIMITATIONS.  Under Rem. Code, § 466, the
proceeding to vacate or modify a judgment must be commenced
within one year following the rendition of the judgment.

Appeal from a judgment of the superior court for Kitsap
county, French, J., entered February 2, 1916, upon sustain-
ing a demurrer to the complaint, dismissing an action for
equitable relief, tried to the court.  Affirmed.

*C. R. Crouch* and *Lorenzo M. Cobb*, for appellant.

*Frank P. Lewis*, for respondent.

PARKER, J.—Plaintiff, Mary Davis, seeks an accounting
for, and recovery of, funds which she claims under an al-
leged codicil to the will of Debora T. White, deceased, the
defendant, Linnie D. Seavey, being executrix of the will.
The defendant's demurrer to the plaintiff's complaint having
been sustained by the superior court, and the plaintiff elect-
ing to not plead further, judgment of dismissal was ren-

[1]Reported in 163 Pac. 35.

dered, denying her the relief prayed for, from which she has appealed to this court.

The controlling facts, appearing from the allegations of appellant's complaint, may be summarized as follows: Debora T. White in her lifetime executed a will by the terms of which she devised and bequeathed all of the property of which she might die seized to respondent, Linnie D. Seavey, her niece, and also named her executrix of the will. Thereafter, Debora T. White executed a codicil to her will by the terms of which she bequeathed to appellant, her nurse, the sum of $1,000. Thereafter Debora T. White died. Thereafter the will, but not the codicil, being duly admitted to probate, respondent qualified as executrix, administered the estate, and in due course filed her final account and petition for distribution, resulting in final settlement of the estate and decree distributing all of the property thereof to her in accordance with the terms of the will. This, we must presume, was done after the expiration of the year for the presentation of claims of creditors of the estate, and upon due notice as prescribed by statute relating to settlement of estates of deceased persons, since the only allegation is that final settlement and distribution was had, resulting in respondent being awarded all of the property of the estate. From the allegations of the complaint, it is apparent that the decree of distribution was rendered in the latter part of the year 1912, though the date of its rendition is not specifically alleged. The alleged codicil under which appellant claims was never admitted to probate and was wholly ignored in the settlement and distribution of the estate. The gist of appellant's ground of recovery, in so far as she seeks to avoid the effect of the decree of distribution, is found in the following allegation of the complaint:

"That as such executrix and sole beneficiary defendant came into possession of all papers, and other property of said testatrix and, as plaintiff is informed and believes, into possession of the aforementioned codicil to said will, and as plain-

tiff is informed and believes and therefore avers as a fact, did suppress the said codicil and did not inform the court of the existence thereof."

It is not alleged when appellant first learned of the existence of the codicil, nor is it alleged that respondent ever said or did anything which led appellant to believe her claimed rights would be recognized by respondent in the final settlement and distribution of the estate. The prayer of the complaint is that respondent be required to deposit the codicil in court for inspection, and that appellant have such relief as may appear just and equitable. This action was commenced in October, 1915, over two years after the rendering of the decree of distribution and over three years after the admitting of the will to probate. The allegations of the complaint are very general and are wanting somewhat in particularity and exactness. We have in this summary construed them as favorably to appellant's claims as their language will admit of.

Since we must proceed upon the assumption that the decree of distribution was regularly rendered upon duly published notice, it seems plain, under our repeated decisions, that the decree became a final adjudication as against appellant, unless the facts alleged disclose fraud on the part of respondent in procuring and rendering of the decree of distribution. *In re Ostlund's Estate*, 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990; *In re Doane's Estate*, 64 Wash. 303, 116 Pac. 847; *Alaska Banking & Safe Deposit Co. v. Noyes*, 64 Wash. 672, 117 Pac. 492; *McDowell v. Beckham*, 72 Wash. 224, 130 Pac. 350; *Krohn v. Hirsch*, 81 Wash. 222, 142 Pac. 647; *Meeker v. Waddle*, 83 Wash. 628, 145 Pac. 967. The only allegation of the complaint which in any way suggests fraud on the part of respondent is that she, as executrix, came into possession of the property and papers of the deceased, including the alleged codicil, and that she did not make known to the court the existence of the codicil in the course of the administration of the estate. This in

no event could amount to anything more than an allegation that respondent did not present to the court, upon the final distribution hearing, the true facts touching the question of who is entitled to the property as distributee.   In other words, this is nothing more than an effort to avoid the decree of distribution as a final adjudication because of the presenting of false proof touching the merits of the question of who is entitled to the property of the estate as distributee.   This is not ground for setting aside a final decree rendered upon due notice, as this decree of distribution was rendered.   In *Meeker v. Waddle,* 83 Wash. 628, 145 Pac. 967, a similar situation was presented, in that the only ground of fraud alleged or attempted to be proven was that the distributee falsely represented that the land in controversy was the community property of himself and his deceased wife, whereas in truth it was her separate property.   Holding that this was not ground for avoiding the decree of distribution, Judge Holcomb, speaking for the court, observed:

"If decrees were to be set aside upon the mere ground that they were based upon perjured testimony, decrees might never become final, for the decree which held that a former decree was founded upon perjured testimony might itself later be attacked upon the ground that it was procured by perjured testimony, and so on *ad infinitum.*"

See, also, *Friedman v. Manley,* 21 Wash. 675, 59 Pac. 490; *McDougall v. Walling,* 21 Wash. 478, 58 Pac. 669, 75 Am. St. 849.

The decisions of the courts are substantially unanimous in support of this view.   We have noticed that appellant was not prevented *from appearing* and setting up her claim during the course of the administration of the estate, nor upon the final distribution hearing, nor induced to refrain from so doing by any word or act of respondent.   These are the matters to which alleged fraud must relate in order to be available in avoiding the final effect of a decree rendered up-

on due notice. We conclude that there was no cause for disturbing the decree on the ground of fraud.

The theory that appellant is entitled to relief upon the ground that respondent holds the distributed property in trust for her to the extent of the bequest made to her in the alleged codicil is equally untenable. This question, in substance, was reviewed by us in *Krohn v. Hirsch*, 81 Wash. 222, 142 Pac. 647, where, in holding a trust did not arise in favor of such a claimant against the distributee under a decree of distribution, we said:

"To say that respondent now holds any part of this property in trust for Mattie Krohn is nothing more nor less than saying that the question of who was entitled to take the property left by James McCarthy was not correctly determined upon the merits by the superior court upon the distribution hearing, and that appellant Mattie Krohn should now be awarded a new trial upon that question more than one year after it has been solemnly adjudged against her and all the world, upon due notice. As between respondent and appellant Mattie Krohn, that was an adverse proceeding. To us, it is inconceivable that a party can be considered as holding in trust for his adversary property which has been awarded to him as against his adversary by a judgment rendered upon due notice in a proceeding instituted and carried on for the very purpose of determining the claims of each as against the other, to the property involved, in the absence of fraud, or some fact extrinsic of the merits of the controversy in issue, such as would avoid such judgment."

We conclude that appellant cannot recover upon the trust theory.

It seems equally plain that appellant cannot have relief upon the ground that this is, in substance, a will contest, since more than one year expired following the probate of the will of Debora T. White before the commencement of this action. Rem. Code, §1307. Our decision in *Horton v. Barto*, 57 Wash. 477, 107 Pac. 191, 135 Am. St. 999, seems decisive upon this phase of the case. Of course, appellant has no standing at this late day under the statutes relating to va-

cation and modification of judgments, since more than one year expired following the rendition of the decree of distribution before the commencement of this action.   Rem. Code, § 466.

No other theory has been suggested, and we can conceive of none, upon which appellant can be awarded relief, admitting all the facts pleaded by her to be true.   The judgment is affirmed.

MORRIS, MOUNT, HOLCOMB, and FULLERTON, JJ., concur.