[No. 15749. Department One. July 12, 1920.]

BENNINGTON COUNTY SAVINGS BANK, *Appellant*, v.
ROWE FRANCE *et al.*, *Respondents*.[1]

JUDGMENT (115)—VACATION—GROUNDS—FRAUD—PERJURY OR FALSE TESTIMONY. Perjury alone is not an equitable ground for setting aside a judgment obtained on false testimony, in the absence of extrinsic or collateral fraud.

Appeal from a judgment of the superior court for King county, Hall, J., entered November 26, 1919, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Affirmed.

*James A. Dougan*, for appellant.
*Griffin & Griffin*, and *V. G. Frost*, for respondents.

MAIN, J.—The plaintiff brought this action in equity to set aside a judgment claimed to have been induced by perjured testimony. To the second amended com-

[1]Reported in 191 Pac. 616.

plaint, which will be referred to as the complaint, a demurrer was interposed and sustained by the trial court. The plaintiff refused to plead further and elected to stand upon the complaint. A judgment was entered dismissing the action, from which the appeal is prosecuted. The complaint is too long to be here set out in full. The controlling facts therein alleged will be summarized. On May 23, 1916, a mortgage, purported to be executed by H. B. Petridge, covering certain real property in the city of Seattle, was delivered to W. B. Perkins, and on the same day was filed for record, which mortgage will be referred to as the Perkins mortgage. Subsequently this mortgage was assigned and transferred to the Bennington County Savings Bank, the appellant. On June 20, 1916, H. B. Petridge executed and delivered to Rowe France and others a mortgage which included the same property covered by the Perkins mortgage. This mortgage was also filed for record, and will be referred to as the France mortgage.

On the 26th day of December, 1916, the action was brought in the superior court of King county to foreclose the France mortgage. The holder of the Perkins mortgage was a party to the action. The controversy there was one of priority. The Bennington County Savings Bank claimed that its mortgage was superior, and the holders of the France mortgage made a like claim as to their mortgage. In that action it appeared that A. C. Petridge, the son of H. B. Petridge, had signed and delivered the Perkins mortgage without the knowledge or consent of his father. H. B. Petridge testified that he had not signed the Perkins mortgage or authorized it to be signed in his name, and had no knowledge thereof until after he had executed the France mortgage. The trial resulted in a judgment

sustaining the priority of the France mortgage. From this judgment, no appeal was prosecuted. Subsequently A. C. Petridge was indicted for forgery for signing his father's name to the Perkins mortgage, tried and convicted. Upon the trial of the criminal action, the father testified that he had authorized his son to sign his name to the Perkins mortgage and that it was done with his consent and approval. The criminal action was appealed to this court, where the judgment of conviction was reversed and the cause remanded with directions to dismiss the action. This holding was based largely, if not entirely, upon the testimony of H. B. Petridge, the father, in the criminal action, to the effect that he had authorized the signing of his name to the Perkins mortgage and that he knew all about it. It thus appears that H. B. Petridge testified one way in the civil action and diametrically the opposite in the criminal action. The complaint charges that the judgment in the civil action was induced by perjured testimony and was, therefore, fraudulent. More than one year elapsed after the entry of the judgment of foreclosure before the present action was instituted.

To sustain the right to maintain this action it is necessary that the complaint allege facts which show that the judgment in the action on the mortgages was induced by fraud. If there were fraud, it was in the fact that H. B. Petridge had testified falsely in that action. It is a settled rule in this state that perjury alone is not an equitable ground for setting aside a judgment obtained on false testimony, in the absence of extrinsic or collateral fraud. *McDougall v. Walling,* 21 Wash. 478, 58 Pac. 669; *Friedman v. Manley,* 21 Wash. 675, 59 Pac. 490; *Meeker v. Waddle,* 83 Wash. 628, 145 Pac. 967; *Robertson v. Freebury,* 87 Wash.

558, 152 Pac. 5; *Godfrey v. Camp,* 95 Wash. 674, 164 Pac. 210; *Burke v. Bladine,* 99 Wash. 383, 169 Pac. 811.

In the *Robertson* case the question was thoroughly reexamined and the rule of the prior cases adhered to. It was further held in that case that the perjury or false testimony, even if admitted, is not sufficient to relieve a case from the force of the rule. If it be assumed that H. B. Petridge testified truthfully in the criminal action and that, as a result of such testimony, the judgment of conviction was reversed by this court, this amounts to no more than an admission that his testimony in the civil action was false and untrue. The case of *Rowe v. Silbaugh,* 107 Wash. 518, 182 Pac. 576, is distinguishable. There, there was extrinsic or collateral fraud which induced the superior court to assume jurisdiction and render judgment in the case. In that case there was an affidavit of nonresidence which was in fact not true. In both the cases of *Robertson v. Freebury* and *Burke v. Bladine, supra,* an excerpt is quoted with approval from *Pico v. Cohn,* 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, wherein there is pointed out what will constitute extrinsic or collateral fraud, one instance being the keeping of the unsuccessful party "in ignorance of the suit." The *Silbaugh* case falls within that class. There the unsuccessful party was kept in ignorance of the suit, even though residing on the land in controversy.

To hold in this case that the false testimony in the civil case constituted fraud, in view of the course taken by the criminal case, and therefore was not within the rule of the cases above cited, would be to make a distinction where no substantial difference exists.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.