[No. 21174.   Department Two.   July 2, 1928.]

# E. R. THOMAS & COMPANY, INCORPORATED, *Respondent,* v. ELLEDGE R. PENLAND et al., *Appellants.*[1]

[1] JUDGMENT (110, 117-1)—VACATION—MISTAKE—WAIVER OF OBJECTION. A judgment of foreclosure should not be vacated because entered for too large a sum, by reason of failure to credit a payment, where no defense was made and no diligence was shown; and upon sale, the property was bid in for the full amount by plaintiff, who offered to credit the payment in case of redemption.

Appeal from an order of the superior court for King county, Douglas, J., entered May 23, 1927, denying the vacation of a judgment, after a hearing before the court. Affirmed.

*Elledge R. Penland,* for appellants.

*Herr, Bayley, Croson & Innis* and *Burton J. Wheelon,* for respondent.

BEALS, J.— Plaintiff in this action sued defendants upon their promissory note for $750, payable to plaintiff's order, and also sought foreclosure of a second mortgage on real estate executed by defendants in favor of plaintiff as security therefor. Defendants appeared in the action and answered, admitting the execution of the note and mortgage and claiming certain credits on their indebtedness to plaintiff. The action came on for trial November 19, 1926, and after a hearing the court announced its decision in favor of plaintiff and directed judgment against defendants and a foreclosure of the mortgage. The formal judgment was signed December 31, 1926, and no appeal therefrom was taken.

The mortgaged property was sold under special execution, plaintiff bidding therefor the full amount

[1]Reported in 268 Pac. 867.

of the judgment, interest, attorney's fees and costs; the sale was regularly confirmed March 16, 1927, and the next day defendants filed their petition to vacate the judgment on the ground of fraud practiced by plaintiff in its procurement. On May 23, 1927, the trial court, after a hearing on this petition, entered its order denying the same, from which order defendants have appealed to this court.

In their petition, and in the affidavit of Elledge R. Penland filed in support thereof, appellants set forth much matter which might properly have been pleaded in an answer to plaintiff's complaint, or in a cross-complaint, but which, even if true, constitutes no ground for the vacation of the judgment which was rendered after a full hearing on the merits. Appellants seem to rely particularly upon their allegation that, at the time of the rendition of the judgment, respondent had in its possession $82.50 which had been collected from a tenant of the property covered by the mortgage, and for which appellants should have been given credit. Respondent concedes that in fact it had this sum, and that the judgment was rendered for that much more than was then actually due respondent. Respondent also concedes that, after the rendition of the judgment and before the sale, it received a further payment from the tenant of the property in the sum of $27.50, and the respondent states its willingness, in case of redemption by appellants of the property sold under special execution herein, to allow a credit of $110 on the amount required to redeem said property.

[1] As we view the matter, the only question before us is, whether or not the fact that the judgment against appellants was by error rendered for $82.50 more than it should have been, entitled appellants to have the same vacated as prayed for in their petition.

This question must be answered in the negative. Appellants had a full hearing upon the issues raised by their answer and cross-complaint. Under our cases, even perjury is not a ground for vacating a judgment, at least unless it be connected with extrinsic or collateral fraud and the opposite party is free from all implication of want of diligence; *McDougall v. Walling,* 21 Wash. 478, 58 Pac. 669, 75 Am. St. 849; *Robertson v. Freebury,* 87 Wash. 558, 152 Pac. 5, L. R. A. 1916B 883; *Bennington County Savings Bank v. France,* 111 Wash. 483, 191 Pac. 616. In this case, no facts are alleged by appellants or appear from the record which justify the granting of the relief sought by appellants in their petition to vacate. The person who had paid the money to respondent was appellants' own tenant, and it is difficult to imagine how appellants could have remained unaware of the fact that their tenant had paid his rent to respondent for the three months prior to the trial. It is not contended by appellants that respondent's officers and agents swore that they had not received this money, but simply that they neglected to affirmatively inform the court that they had received it. Certainly, the slightest diligence on the part of appellants would have elicited, either from their tenant or from respondent's witnesses, the fact that the three months' rent had been paid to respondent and should be credited upon appellants' indebtedness.

It is difficult to see how appellants have been injured by the error in computing the amount due to respondent, as respondent bid at the sale of the property the full amount of the judgment, which, of course, satisfied the judgment in full, and offered, in case appellants redeem the property, to allow them a credit equal to the amount erroneously included in the judgment.

Appellants also appeal from the order of the superior court, dated May 24, 1927, directing the clerk

of the court to pay respondent certain funds then on deposit in the registry of the court. As we hold that the petition to vacate the judgment was properly denied, it follows that the order directing the payment to respondent of funds in the registry of the court was proper.

The orders appealed from are affirmed.

FULLERTON, C. J., MAIN, HOLCOMB, and ASKREN, JJ., concur.