[No. 21244. Department Two. November 15, 1928.]

FRANCES COLBURN et al., Respondents, v. G. M. DENISON et al., Appellants.[1]

Ralph S. Pierce, for appellants.

Caldwell & Lycette, for respondents.

ASKREN, J.—This is an action for personal injuries sustained by the plaintiff Frances Colburn in an automobile collision. The cause came duly on for trial, and at the close the jury returned a verdict in favor of the plaintiffs in the sum of one thousand dollars. Within two days thereafter, a motion for a new trial

[1]Reported in 271 Pac. 885.

was made, setting forth all the statutory grounds. The motion for a new trial was heard and overruled by the court, and judgment entered in favor of the plaintiffs in the amount of the jury's verdict. The judgment was entered on February 21, 1927.

On March 22, 1927, the defendants filed a petition asking the court to set aside the judgment upon the ground that it had been obtained through fraud. The gist of the petition is as follows:

That the accident for which the plaintiffs brought the present suit occurred on July 29, 1926, and the trial took place in January, 1927; that on October 30, 1926, the plaintiff had another automobile accident, which fact was unknown to the defendants; that at the time of the trial of the present action the plaintiffs deliberately failed to mention the fact that the plaintiff Frances Colburn had been in another automobile accident, and withheld the information from her attorney and everyone connected with the case; that after the second accident she had gone to a different lawyer, and also to a different doctor than the one who attended her for the first accident; that she did not bring suit for the injuries sustained at the time of the second accident until about the time this action was commenced, and the fact was unknown to the defendants until after the judgment had been entered in the trial of this action.

The court duly heard the petition, took oral evidence, and denied the same, holding that neither the plaintiffs nor any of their witnesses committed perjury upon the trial of the action, and this appeal followed.

Upon appeal many questions are presented by appellants, urging that perjury was committed upon the trial of the action. An examination of the record convinces us that this position is unsound, but for the

sake of brevity we shall assume that the concealment of the facts of the second injury and the failure of the plaintiffs to testify regarding it, although not questioned or examined in any manner thereon, is perjury.

There are few legal propositions better established in our decisions than that perjury by the prevailing party in the trial of an action is not ground for setting aside the judgment unless the same be connected with some extrinsic or collateral fraud in addition thereto. *Meeker v. Waddle,* 83 Wash. 628, 145 Pac. 967; *Robertson v. Freebury,* 87 Wash. 558, 152 Pac. 5, L. R. A. 1916B 883; *Burke v. Bladine,* 99 Wash. 383, 169 Pac. 811; *Thomas & Co. v. Penland,* 148 Wash. 279, 268 Pac. 867. Perjury is not fraud within the meaning of the statute. *Burke v. Bladine, supra.*

The question has been examined and re-examined by us on numerous occasions and we have steadfastly adhered to this doctrine. Appellants admit the force of our decisions in this regard, but seek to establish a distinction by asserting that the cases in which we have so ruled are cases in which there had already been an affirmance of the judgment in the original action by this court. While this may be true of some of the cases, it does not apply to all of them. The distinction apparently sought to be made, however, has no substantial reason supporting it. The purpose of the rule, which holds that perjury standing alone is not sufficient to set aside a judgment, is to bring an end to litigation, and it can make little difference whether the litigation sought to be ended has only reached the point where judgment has been entered by the trial court, or whether it has been affirmed by this court. If the judgment of the lower court can be attacked and set aside for perjury at the trial, then the order vacating the judgment may be attacked for perjury committed in applying for the judgment of vacation, and as we

said in *Meeker v. Waddle, supra,* the procedure will go on "ad infinitum."

The judgment is affirmed.

FULLERTON, C. J., FRENCH, MAIN, and PARKER, JJ., concur.