[No. 21956.   Department Two.   December 26, 1929.]

LEONA RAISNER, *Respondent*, v. RUDOLPH RAISNER, *Appellant.*[1]

*Herbert C. Bryson,* for appellant.
*T. A. Paul* and *Earl W. Benson,* for respondent.

HOLCOMB, J.—These parties were married in Walla Walla, August 19, 1916.   They have since continued there to live.   They have two children, Ruth Elizabeth, past eleven years, and Ernest Rudolph, past nine years of age.   During their marriage, they accumulated com-

[1]Reported in 283 Pac. 704.

munity property consisting of a home and household furniture in Walla Walla.

On August 3, 1928, respondent filed her complaint for divorce in Walla Walla county, setting forth jurisdictional facts, and further averring that, for two years preceding that time, appellant had treated respondent in a cruel manner in that he used vile names to her in the presence of her children; that he was extremely jealous of her, showing the jealousy in the presence of their mutual friends; that he had neglected her and repeatedly accused her of intimacy with other men; that his conduct in those respects was without just cause or excuse. She demanded twenty-five dollars per month for each of the children during their minority; waived any claim against appellant for her own support and alleged that a property settlement had been made by the parties prior thereto. She averred that she was the proper person to have the custody of the children subject to the right of appellant to visit them at reasonable times.

The summons and complaint were personally served upon appellant in Walla Walla county, as shown by the return of the sheriff thereon. Appellant made no appearance in the action.

On September 8, 1928, the cause was heard as a default divorce case. The prosecuting attorney appeared and resisted on behalf of the state, evidence for and on behalf of respondent was heard by the court, and conclusions of law and an interlocutory order were entered substantially sustaining the allegations of her complaint.

On March 3, 1929, appellant served and filed his petition to vacate or modify the interlocutory decree. In the petition, he alleged the entry of the interlocutory order; that the parties and both of their children were then residents of Walla Walla county;

that no final decree of divorce had been entered; that respondent obtained the interlocutory order by ruse, willful deception and fraud and upon deliberately false and perjured evidence; that respondent had promised to abandon her action before final decree should be entered, return to live with him and have her action dismissed, and that appellant had faith in the representations of respondent, believed that she would keep her promise and because thereof did not resist her action for divorce; that he then had, and still has, a *bona fide* meritorious and true defense to her action, and, through the fraud and deception practiced upon him, he was prevented and kept from resisting the action; that, for a long time preceding the commencement of the action, respondent was guilty of gross misconduct. Specific acts and conduct were then alleged constituting gross misconduct, purported to have been committed before the interlocutory decree, not necessary to here set out in detail, and no good purpose can be served thereby.

It was then alleged that, by reason of such gross misconduct, respondent was not at the time of the interlocutory order, nor was she at the time of filing the petition, a fit and proper person to have the custody of the children; that appellant was induced and beguiled by respondent into turning over to her all of the community property of the value of about $3,500, all clear of incumbrances. He prayed the court to vacate the interlocutory order, set aside and hold for naught the findings and conclusions, reopen the case for trial on its merits as a contested case and re-apportion and distribute the community property described therein; that, in the alternative, in the event the court did not set aside the interlocutory order, appellant be awarded the custody of the minor children, an abatement of the monthly alimony and the award of

ownership of his half interest in the community property.

Upon the filing of the petition, a citation and a restraining order were issued, setting the cause for hearing. In due time, respondent filed her answer to the petition. By her answer, she admitted the court proceedings as alleged in appellant's petition in substance, denied the allegations as to her misconduct, deception and fraud, or that she obtained the interlocutory order on perjured evidence. She affirmatively alleged that she was a fit and proper person to have the custody of the children. She alleged that a property settlement in writing was made by them on July 31, 1928, in anticipation of a divorce, and set up a copy of the contract in her answer. At the same time, respondent served and filed her motion and the usual affidavit for the entry of the final decree of divorce. The affidavit was not controverted.

Appellant replied to the answer to the petition, denied all the material allegations except the making of the contract set up in the answer, which was then alleged to have been obtained by false and fraudulent promises and representations by respondent, as set forth in his petition. Upon the issues thus joined, the cause was tried on its merits in the lower court.

Appellant attempted to introduce evidence as to misconduct of respondent prior to the commencement of the divorce action and the entry of the interlocutory decree. After some evidence of that nature had been introduced over objection, the trial court ruled that the interlocutory decree was *res judicata* as to anything that had occurred theretofore.

The only issue of fact tried by the trial court was as to the fitness or unfitness of respondent, since the entry of the decree, to retain the custody and control of the

children. Upon conflicting evidence, that issue was decided in favor of respondent.

There is no doubt that appellant adopted proper procedure as prescribed by Rem. Comp. Stat., § 464, subd. 4, and that the lower court had full power and authority to vacate or modify the interlocutory judgment or order for fraud practiced by the successful parties in obtaining the judgment or order. The court assumed such jurisdiction and determined the matter according to our uniform practice. Appellant lays much stress upon the principle, as set forth in many texts and authorities, quoted and cited, to the effect that fraud, in equity, includes all acts, omissions and concealments which involve a breach of either legal or equitable duty, trust or confidence, injurious to others.

It will be observed from the mere reading of the contents of the petition of appellant that no fact is alleged concerning which respondent testified falsely. It is merely charged generally that she purposely and deliberately perpetrated and practiced fraud and deception upon the court by giving and procuring false and perjured testimony.

Notwithstanding some courts hold to the contrary, we have long held that perjury, not being specified in our statute as a distinctive ground for vacating a judgment without other extrinsic fraud, is not sufficient to annul a judgment. *McDougall v. Walling,* 21 Wash. 478, 58 Pac. 669, 75 Am. St. 849; *Meeker v. Waddle,* 83 Wash. 628, 145 Pac. 967; *Robertson v. Freebury,* 87 Wash. 558, 152 Pac. 5, L. R. A. 1916B 883; *Davis v. Seavey,* 95 Wash. 57, 163 Pac. 35, Ann. Cas. 1918D 314; *Burke v. Bladine,* 99 Wash. 383, 169 Pac. 811. This principle ought now to be thoroughly established in this state.

A reading of the petition also discloses no al-

legation of feebleness in mind or body on the part of appellant, at the time the property settlement was entered into, or at the time the divorce complaint was served and filed and a trial thereon had in the lower court. Accepting all the intendments and conclusions stated in the petition as well pleaded, the petition shows nothing more than a collusive arrangement for a divorce. The showing is not even as strong as was made in *Robinson v. Robinson,* 77 Wash. 663, 138 Pac. 288, 51 L. R. A. (N. S.) 534. We there held that a petition alleging a state of facts somewhat stronger than those in this case was demurrable, and sustained a judgment dismissing it. We quoted with approval from another court as follows:

" 'The plaintiff, when she gave her consent, must have known that the contemplated divorce could only be procured by a suppression of the facts and false testimony.' "

This applies equally to appellant here. We then quoted from another court as follows:

" 'A party cannot avail himself of a defense or of a right to recover by means of an invalid decree or judgment obtained by him; but, on the other hand, he may not be heard to impeach a decree or judgment which he himself has procured to be entered in his own favor.' "

We then said:

"This is undoubtedly the general rule; there may be exceptions. If the petition, when read as an entirety, showed that the appellant was in fact acting under duress, she might be exempt from the rule stated, but no such fact appears.

"The fact that perjured testimony may have been offered to secure the decree affords no ground for vacating it. [Citing authorities] . . .

"We think the petition, when fairly read, shows nothing more than a collusive arrangement to obtain the divorce. The prosecuting attorney appeared and

resisted on behalf of the state. The petition does not allege that he failed to discharge his duty to the state. The legal presumption is that he did.''

The same conditions and presumptions exist in this case.

There is nothing to the contrary in *State ex rel. Morris v. Superior Court,* 128 Wash. 496, 223 Pac. 583, and *Smith v. Smith,* 148 Wash. 457, 269 Pac. 821, relied upon by appellant. In the first case, there had been reconciliation by agreement, *after* the interlocutory decree. In the second case, condonation by acts and conduct, *after* the interlocutory decree. Nor in *State ex rel. Walker v. Superior Court,* 148 Wash. 610, 270 Pac. 126, which merely decided questions of jurisdiction and procedure.

As to the property settlement agreement, the record shows that it was entered into three days before the divorce suit was started. It recites that the parties can no longer live together as husband and wife and desire to make a property settlement and provide for the custody and support of the two children. Appellant agreed to convey to respondent the property described therein and described in appellant's petition to vacate the interlocutory decree. Respondent was given the custody and control of the children so long as she remained a fit and proper person, subject to the right of appellant to visit them at all reasonable times.

The property of the parties was not brought into the divorce proceedings nor mentioned in the interlocutory decree. The only allegations as to the fraud in obtaining the property settlement were the allegations contained in the petition as to the fraud and perjury in procuring the decree and the promise alleged to have been made by respondent, that, after she had

procured the interlocutory decree, she would abandon same and return to and live with appellant.

The trial court held that this was no more than a promise which could be kept or not kept as respondent saw fit.

Keeping in mind that appellant was not feeble-minded or incapacitated in any way, but was entirely *sui juris,* and that in his petition he alleges that respondent intended to procure the interlocutory decree of divorce, it is inconceivable that he would and did rely upon any such promise to beguile him into making the property settlement.

The promise of respondent he alleges is no more than a promise to do something in the future.

''In order to constitute fraud in law, a representation must be an affirmance of a fact, and not a mere promise or matter of intention. While a statement of a matter in the future, if affirmed as a fact, may amount to a fraudulent misrepresentation, it must amount to an assertion of a fact, and not an agreement to do something in the future. 2 Pom. Eq. Jur. § 877; 14 Am. & Eng. Enc. Law, 2d ed. p. 47; Kerr, Fraud & Mistake, 88; *Day v. Ft. Scott Invest. & Improv. Co.,* 153 Ill. 293, 38 N. E. 567. If a promise is made to do something in the future and at the time it is not intended to perform the promise that fact does not constitute a fraud in the law. Bigelow, Estoppel, 481; (citing other Illinois cases). If an intention not to perform constituted fraud, every transaction might be avoided where the facts justified an inference that a party did not intend to pay the consideration or keep his agreement.'' *Miller v. Sutliff,* 241 Ill. 521, 89 N. E. 651, 24 L. R. A. (N. S.) 735.

We conclude that the court was correct in his ruling upon this issue.

We conclude, upon the whole case, that the court having heard evidence as to the only issue properly

before it and having seen and heard the witnesses and decided in respondent's favor upon that issue, there is no reversible error in the record.

Affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.