[No. 33302.   Department Two.   October 6, 1955.]
(Petition for rehearing granted January 14, 1956.)

Leonard L. Doss *et al., Respondents,* v. H. J. Schuller *et al., Appellants.*[1]

[1]Reported in 288 P. (2d) 475.

*Conniff & Taylor* and *John E. Belcher*, for appellants.

*Joseph H. Johnston, Ferguson & Burdell*, and *W. Wessel-hoeft*, for respondents.

HILL, J.—This is an action for damages caused by fire which destroyed the residence of the plaintiffs, Leonard L. Doss and Jeraldine A. Doss, his wife, and the contents thereof. From a judgment for the plaintiffs, the defendants, H. J. Schuller and his employee, George L. Northup, appeal.

It seems to us that the decisive issues on this appeal are purely factual. We have heretofore indicated that in such a situation, when there is evidence to sustain the findings of fact made by the trial court and those findings sustain the judgment, we will ordinarily affirm by a short *per curiam* opinion. *Amick v. Flash* (1952), 41 Wn. (2d) 666, 251 P. (2d) 172; see *Dailey v. Albeck* (1952), 41 Wn. (2d) 945, 249 P. (2d) 234. That would be done here were it not that the appellants have asked leave of this court to file a motion for the vacation of the judgment heretofore entered by the superior court in this cause. Coincident with the vacation of

the judgment, appellants desire to have the superior court enter an order granting a new trial. They would proceed under subdivisions (1) and (4) of RCW 4.72.010 *et seq.* [*cf.* Rem. Rev. Stat., §§ 464, 466 *et seq.*], supplemented by RCW 4.76.080 [*cf.* Rem. Rev. Stat., § 465].

The statute first cited provides that the superior court in which a judgment has been rendered may vacate such judgment:

"(1) By granting a new trial, within the time and in the manner, and for any of the causes prescribed by the sections relating to new trials; . . .

"(4) For fraud practiced by the successful party in obtaining the judgment or order; . . ."

The supplementary statute relates to new trials when, as here, the discovery of the grounds for a new trial is delayed beyond the period within which a motion for a new trial would ordinarily have to be made. It begins: "When the grounds for a new trial could not with reasonable diligence have been discovered before. . . ."

We have recognized that, not only while a cause is pending in this court (*Jorgensen v. Oregon-Washington R. & Nav. Co.* (1934), 176 Wash. 399, 29 P. (2d) 744, 33 P. (2d) 898; *Morrow v. Morrow* (1934), 179 Wash. 329, 37 P. (2d) 692; *Quackenbush v. Slate* (1942), 12 Wn. (2d) 201, 121 P. (2d) 331; *Donaldson v. Greenwood* (1952), 40 Wn. (2d) 238, 242 P. (2d) 1038) but after we have affirmed a judgment (*Post v. Spokane* (1902), 28 Wash. 701, 69 Pac. 371, 1104; *Godfrey v. Camp* (1917), 95 Wash. 674, 164 Pac. 210; *Haaga v. Saginaw Logging Co.* (1932), 170 Wash. 93, 15 P. (2d) 655; *State v. Stratton* (1933), 172 Wash. 378, 20 P. (2d) 596) or reversed it (*Gudmundson v. Commercial Bank & Trust Co.* (1926), 141 Wash. 11, 250 Pac. 348; *White v. Donini* (1933), 173 Wash. 34, 21 P. (2d) 265; *Chadwick v. Ek* (1940), 5 Wn. (2d) 554, 106 P. (2d) 104), the proper practice is to ask leave of this court before proceeding in the superior court to move for vacation of the judgment and a new trial.

We have said that, upon such an application for leave to move in the superior court for the vacation of a judgment

and for a new trial, we are concerned only with whether a *prima facie* case is made to justify our authorizing the superior court to exercise its own judicial discretion on the question of whether the judgment should be vacated and a new trial granted. The following statement from *Gudmundson v. Commercial Bank & Trust Co., supra* (p. 13), was quoted in *Haaga v. Saginaw Logging Co., supra* (p. 99):

"It must not be understood, however, that we have predetermined the matter. No opinion is here expressed as to whether the application, when made to the superior court, should be granted or denied. We say, only, that a sufficient showing has been here made to justify us authorizing the trial court to exercise its own judicial discretion."

We have insisted, however, that the showing made in this court on such an application be such a *prima facie* showing as would warrant the superior court to enter an order vacating the judgment and granting a new trial. *Chadwick v. Ek, supra.* Stating our position as it is phrased in some of the later cases, we will not grant an application to proceed in the superior court unless we could, on the showing made here, uphold an order of the superior court vacating the judgment and granting a new trial. *Jorgensen v. Oregon-Washington R. & Nav. Co., supra; Quackenbush v. Slate, supra; Donaldson v. Greenwood, supra.*

The application to permit the appellants to move the superior court to vacate the judgment appealed from herein and to grant a new trial on the grounds of (a) newly discovered evidence and (b) fraud rests primarily upon the affidavits of Sarah Keith and Betty Keith that respondent Leonard L. Doss, a few days after his home was destroyed, told Sarah Keith he had lighted the oil heating stove in the dining room that evening. (We disregard the affidavit of a member of the fire department showing the number of fires caused by oil heaters, oil ranges, and oil furnaces in Port Angeles, as that statistical information must have been available at all times and has no applicability to the question of fraud.)

We will consider first the claim of newly discovered evidence.

■ To justify the granting of such an application as we now have before us on the ground of newly discovered evidence, RCW 4.76.080 provides that the evidence must be such that it ". . . could not with reasonable diligence have been discovered before. . . ." This court, in passing upon such an application in *Morrow v. Morrow, supra,* said (p. 332):

"To justify the granting of such a motion, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative or impeaching."

(These are the standards which govern the superior court in the granting of new trials on the ground of newly discovered evidence. *Nelson v. Placanica* (1949), 33 Wn. (2d) 523, 526, 206 P. (2d) 296, and cases there cited.)

At the trial, it was one of the theories of the appellants that the house had caught fire in consequence of Mr. Doss's having started a fire in the oil heating stove. Both appellant Northup and the Port Angeles fire chief testified that Mr. Doss had told them that, before going upstairs to bed, he had "turned on the oil and flipped . . . a match" into the oil heating stove. As a witness, Doss stoutly denied having made such statements or having started a fire in the oil heater. The trial court believed Doss.

On the first day of the trial, Mr. Doss testified that, after telephoning the fire alarm in to the operator, he went across the road to the Keiths' home and told them that his house was on fire and asked them to report it to the fire department. There is no explanation by the appellants of their failure to produce Sarah and Betty Keith or any other member of that family as witnesses at the trial, other than a statement by Northup in an affidavit supporting the applicacation now before us that

". . . although affiant with due diligence tried to obtain the evidence set forth in the above described affidavits [of Sarah and Betty Keith] prior to the time of the trial and prior to the entry of the judgment in this case he was unable to do so."

That statement is merely a conclusion. There is absolutely no showing of any effort, diligent or otherwise, to ascertain what any of the members of the Keith family knew about the fire until after the judgment had been entered. Having made no showing of reasonable diligence, the appellants have failed to make a *prima facie* showing that would justify the superior court in vacating the judgment on the ground of newly discovered evidence warranting a new trial under the provisions of RCW 4.72.010(1) supplemented by RCW 4.76.080.

For a judgment to be vacated for fraud practiced by the successful party in obtaining the judgment (RCW 4.72.010(4)), it is necessary that the fraud be extrinsic or collateral, and when, as here, it is based on claimed perjury, the party seeking the vacation must be free from all implication of want of diligence. As stated in *McDougall v. Walling* (1899), 21 Wash. 478, 486, 58 Pac. 669, 75 Am. St. 849:

"Perjury is not specified in our statute as a distinctive ground for vacating a judgment. There must, at any rate, be connected with it such circumstances as will relieve the opposite party from all implication of want of diligence, and deceive him completely in the nature of the testimony."

We repeated this quotation with approval in *Friedman v. Manley* (1899), 21 Wash. 675, 676, 59 Pac. 490; *Meeker v. Waddle* (1915), 83 Wash. 628, 636, 145 Pac. 967; *Robertson v. Freebury* (1915), 87 Wash. 558, 564, 152 Pac. 5, L. R. A. 1916B, 883; *Burke v. Bladine* (1918), 99 Wash. 383, 393, 169 Pac. 811; and approved the holding in *Eckert v. Schmitt* (1910), 60 Wash. 23, 110 Pac. 635; *E. R. Thomas & Co. v. Penland* (1928), 148 Wash. 279, 268 Pac. 867; *Huseby v. Kilgore* (1948), 32 Wn. (2d) 179, 201 P. (2d) 148.

Passing the question of whether the fraud complained of was extrinsic or collateral, we find that there is here not only no showing of reasonable diligence but, for the reason in-

dicated, there is a very definite implication of want of diligence in securing the testimony of Sarah and Betty Keith.

While disposing of the question of fraud on the basis of the lack of reasonable diligence, we do not wish to infer that perjured testimony in and of itself constitutes such fraud as would warrant the vacation of a judgment. Such is clearly not the rule in this state. In addition to the cases we have heretofore cited on the necessity for diligence, most of which also deal with the necessity for some extrinsic or collateral fraud in addition to the perjury before a judgment will be vacated, we would direct attention to the following cases: *Davis v. Seavey* (1917), 95 Wash. 57, 163 Pac. 35, Ann. Cas. 1918D, 314; *Godfrey v. Camp, supra*; *Bennington County Sav. Bank v. France* (1920), 111 Wash. 483, 191 Pac. 616; *Colburn v. Denison* (1928), 149 Wash. 591, 271 Pac. 885; *Raisner v. Raisner* (1929), 155 Wash. 52, 283 Pac. 704; *Zapon Co. v. Bryant* (1930), 156 Wash. 161, 286 Pac. 282; *Wood v. Copeland Lbr. Co.* (1952), 41 Wn. (2d) 119, 247 P. (2d) 801.

A comment note, 126 A. L. R. 390, makes a somewhat persuasive case for a more liberal rule with reference to perjury as a ground of attack on judgments than prevails in Washington and most of the jurisdictions in the United States, but even the liberal rule suggested requires "the exercise of due diligence on the part of complainant at the trial and thereafter."

Nor would the claimed perjury in this case meet another of the requirements of that rule, *i.e.*, that the perjury must be "of controlling importance." If the statements of Sarah and Betty Keith established that Doss did start a fire in the oil heater (which they do not, but only that he said that he did so), the trial court could still, on the basis of other testimony, find, as it did, that the fire which destroyed the house was caused by the negligence of appellant Northup. The fact that Mr. Doss started a fire in the heater would be persuasive but not controlling as to the cause of the fire which destroyed the house.

We conclude that the superior court could not, on the showing made here, vacate the judgment and grant a

new trial on the ground of either fraud or newly discovered evidence, and we therefore deny the application for leave to present to the superior court a motion for vacation of the judgment and for a new trial.

On the issues raised by the appeal itself, our statement will, for the reason indicated in the second paragraph of this opinion, be very brief.

Appellant Northup was sent by his employer, appellant Schuller, to clean an oil range in the Doss residence. After completing the work, during which he used a soot-removing compound, Northup lighted the burner in the range and it remained on when he left the premises at 3:30 p. m. The burner was turned down at about 6:20 p. m., when Mr. and Mrs. Doss returned home, and was turned off at about 7:00 p. m. Mrs. Doss went out for the evening, and Mr. Doss "retired upstairs to bed and went to sleep, turning the light off at approximately 9:00 p. m." (This and other unidentified quotations are from the findings of fact.) Mr. Doss awakened "approximately at 9:45 p. m. . . . and saw fire burning around the chimney at the floor."

The respondents' theory is that Northup left the burner in the kitchen range on unreasonably high, and that the heat which came from it during the three-hour period after he left and the heat generated by the burning of the soot in the unlined brick chimney penetrated through the bricks and charred and finally ignited the plywood flooring in an upstairs bedroom, which "plywood floor butted directly against said brick chimney."

██ The trial court found that Northup left the burner on "at an unreasonably high heat," and that, there being no one on the premises when he left and he having no knowledge as to when any member of the Doss family would return, his doing so constituted negligence. The evidence clearly supports that finding. Whether that negligence was the proximate cause of the fire which destroyed the Doss residence and its contents, seems to us the only debatable question raised by the appellants on this appeal.

Both sides presented expert witnesses on the issue of causation.

A professor from the University of Washington testified that

". . . it would take at least twelve hours and probably twenty-four hours for the heat—the outside surface of the brick to be raised to a high enough temperature so that it in turn could raise the wood to a high enough temperature so that charring would occur."

The chief deputy state fire marshal testified that

". . . the fire was probably induced from the induction of soot remover raised the temperature to the point where it ignited the carbon, the carbon in turn burned out the chimney and then the sustained heat of the stove for approximately three hours after the induction of the soot remover taxed the chimney beyond its capacity and heated it up and caused this heat to generate and ignite the joists around the chimney."

The trial court, passing upon the credibility of the two experts, believed the latter, and found:

"That plaintiffs [respondents] have proved by a preponderance of the evidence that there is a greater probability that said fire causing the aforesaid damage was caused by an overheated chimney which in turn was overheated by reason of the negligence of the defendant [appellant] George L. Northrup as aforesaid than that the fire was caused otherwise."

While not to be commended as to form, this we take to be a finding that the fire which destroyed the respondents' house was caused by an overheated chimney, of which the negligence of appellant Northup to which we have heretofore referred was the proximate cause. While we might have arrived at a different conclusion on the issue of proximate cause, there is testimony which supports the trial court's finding on that issue and we cannot say, as we must to overturn the finding of the trial court, that the evidence preponderates against that finding. *Allen v. Saccomanno* (1952), 40 Wn. (2d) 283, 242 P. (2d) 747; *Brown v. Van Tuyl* (1952), 40 Wn. (2d) 364, 242 P. (2d) 1021; *Cugini v. McPhail* (1953), 41 Wn. (2d) 804, 252 P. (2d) 290; *Cambro*

*Co. v. Snook* (1953), 43 Wn. (2d) 609, 262 P. (2d) 767; *Freeman v. Stemm Bros.* (1954), 44 Wn. (2d) 189, 265 P. (2d) 1055; *Larson v. Duclos* (1955), 46 Wn. (2d) 334, 281 P. (2d) 458; *Simms v. Ervin* (1955), 46 Wn. (2d) 417, 389, 282 P. (2d) 291; *Liming v. Teel* (1955), 46 Wn. (2d) 762, 284 P. (2d) 1110.

Appellants place reliance upon *Cambro Co. v. Snook, supra*, on the issue of causation. In that case, no negligence was established; further, that case did not involve, and the present case clearly does, the problem of passing upon the credibility of expert witnesses whose testimony was in direct conflict as to whether the negligence established was the proximate cause of the damage sustained.

We pass, without discussion, the questions of the admissibility of certain testimony; the propriety of the measure of damages adopted by the trial court; and the refusal, after both sides had rested, to permit the answer to be amended to allege contributory negligence, as we see no merit in the assignments of error directed to those issues.

Since the evidence supports the findings and the findings support the judgment, the judgment is affirmed.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.

January 14, 1956. Petition for rehearing granted.