[No. 33646.   Department Two.   January 10, 1957.]

ROY BOWKER et al., Appellants, v. ROBERT A. McDONALD et al., Respondents.[1]

Arthur W. Kirschenmann, for appellants.

Gavin, Robinson & Kendrick, for respondents.

HILL, J.—This is an appeal from an order granting defendants McDonald (respondents) a new trial on the ground of newly discovered evidence after a verdict of $5,330 for the plaintiffs (appellants). One Harry Tamalwash, an additional defendant, who was cross-complained against by defendants McDonald and against whom the

[1]Reported in 305 P. (2d) 800.

jury brought in a verdict, is not involved in the motion for a new trial or in the appeal from the order granting it. The McDonalds will be referred to hereinafter as though they were the only defendants.

The plaintiffs testified that they, in their car, were following the Tamalwash car immediately before the collisions involved in this proceeding, and that the Tamalwash car was being held on a course with its left wheels some eighteen inches to two feet over the center line of the highway. The jury could and apparently did conclude that the defendant driver, approaching from the opposite direction, should have avoided the Tamalwash car but instead collided with it and then continued across the highway out of control and collided with the plaintiffs' car, which by that time had been driven off the road to its right in an effort to avoid a collision.

The newly discovered evidence consists of a diagram and a statement, both signed by plaintiff Roy Bowker, which indicate that the Tamalwash car, instead of remaining just over the center line, had suddenly swerved to the left and into the defendants' car. This corroborates the defendants' version of what happened.

The adjuster for the defendants' insurance company secured the diagram and statement from Roy Bowker and sent them to the insurance company's Seattle office shortly after the accident and months before the trial. In some "inexplicable fashion" (to quote the language of the insurer's claims manager), the diagram and statement were not delivered to the attorneys who were retained by the insurance company to defend the case and who, likewise, were the defendants' choice to represent them as to any excess of liability over five thousand dollars, the amount of their insurance. The attorneys were in no way responsible for the "inexplicable" failure of the insurance company to transmit to them the diagram and statement now claimed to be newly discovered evidence.

We will assume, in line with the trial court's memorandum opinion, that the two documents in question

probably would change the result if a new trial were granted; that they are material to the issue; and that they are not merely cumulative and impeaching. We cannot agree, however, that they meet the other two requisites to the granting of a new trial on the basis of newly discovered evidence, *i.e.*, that they could not, with reasonable diligence, have been discovered before the trial, and that they were newly discovered after the trial. (For a statement of the requirements which must be satisfied before newly discovered evidence will warrant the granting of a new trial, see *Doss v. Schuller* (1955), 47 Wn. (2d) 520, 524, 288 P. (2d) 475; *Paddock v. Todd* (1950), 37 Wn. (2d) 711, 721, 225 P. (2d) 876; *Stibbs v. Stibbs* (1950), 37 Wn. (2d) 377, 379, 223 P. (2d) 841.) The only reason this evidence was not available for use at the time of trial is that the insurance company, which had assumed the defense of the action, did not advise the attorneys of its existence.

The existence of the insurance, the five thousand dollar limitation of liability, the procuring of the diagram and statement by the claims adjuster for the insurance company, and the retention of the insurance company's attorneys by the defendants as to any liability in excess of that covered by their insurance, appear from affidavits filed in support of the motion for a new trial. The insurance policy itself is not a part of the record, and the exact extent of the control and obligation of the insurance company in relation to the investigation, preparation, and defense of the plaintiffs' action against the defendants cannot be determined by this court. It is abundantly clear, however, that the two documents referred to are not newly discovered evidence in so far as the insurance company is concerned.

The defendants personally knew nothing of the affidavit and diagram and, in the absence of other circumstances which we deem to be controlling, those documents might well constitute newly discovered evidence entitling them to a new trial.

We are here concerned with the relationship of the insurer to the insured when the insurer takes over the de-

fense of such an action as the present. That relationship depends upon the contract (*i.e.,* the insurance policy), which in this case, as we have indicated, is not before us.

The cases in which that relationship is discussed are, almost without exception, actions by the insured against the insurer to recover amounts paid out by the insured in excess of the policy limits. It appears that the insurer is generally held to be the agent of the insured when it takes over the handling of the claims and litigation which arise under the policy. *Traders & General Ins. Co. v. Rudco Oil & Gas Co.* (1942), 129 F. (2d) 621, 627, 142 A. L. R. 799; *Georgia Cas. Co. v. Mann* (1932), 242 Ky. 447, 451, 46 S. W. (2d) 777; *Hilker v. Western Automobile Ins. Co.* (1930), 204 Wis. 1, 5, 231 N. W. 257 (expressly overruling the determination in *Wisconsin Zinc Co. v. Fidelity & Deposit Co.* (1916), 162 Wis. 39, 52, 155 N. W. 1081, that there was no such agency relationship); *G. A. Stowers Furniture Co. v. American Indemnity Co.* (1929), (Tex. Com. App.), 15 S. W. (2d) 544, 547; *Douglas v. United States Fidelity & Guaranty Co.* (1924), 81 N. H. 371, 127 Atl. 708, 37 A. L. R. 1477. (The opinion of the Kentucky court in the *Georgia Cas. Co.* case, *supra,* was quoted at length in *Burnham v. Commercial Cas. Ins. Co.* (1941), 10 Wn. (2d) 624, 636, 117 P. (2d) 644, which was a suit by an insured against an insurer for failure to compromise a claim.)

Other courts have held the insurer to be an independent contractor in its handling of such claims and litigation. *Attleboro Mfg. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.* (1917), 240 Fed. 573; *Foremost Dairies v. Campbell Coal Co.* (1938), 57 Ga. App. 500, 196 S. E. 279.

The Vermont court contents itself with referring to the relationship between the insured and the insurer as something of a "mutually fiduciary" character. *Johnson v. Hardware Mut. Cas. Co.* (1938), 109 Vt. 481, 490, 1 A. (2d) 817.

The designation given to the relationship has not seemed to make any difference in the result if either bad faith or negligence on the part of the insurer in its handling of the matter was established. In the present situation, different

results could flow from different relationships. If the insurer was the agent of the defendants in the defense of this litigation, they are not entitled to a new trial, since their agent has at all times had knowledge of and possession of the documents which are claimed to be newly discovered evidence. If the insurer was an independent contractor or the relationship was something other than that of principal and agent, it might well be that the defendants (the insured) are entitled to a new trial, at least in so far as their liability exceeds the amount of their insurance.

The defendants suggest *arguendo* in their brief that, if the insurance company is the real party in interest as to the first five thousand dollars and the documents "cannot be newly discovered evidence with reference to the company up to the amount of the policy limits," still, inasmuch as the recovery is in excess of those limits,

" . . . it would be a miscarriage of justice to deny to the respondents [defendants] a new trial and thereby prevent them from having the benefit of the evidence which was unknown to them at the time of the trial and which the trial judge felt would have changed the outcome of the trial if it had been available to respondents."

The defendants regard this as the most that can be said for the plaintiffs on the theory of agency. We disagree with its application to the agency concept but regard it as having weight if the insurance company is to be regarded as something other than the agent of the defendants in its conduct of the defense of the claims insured against.

We conclude that:

█ (a) If the insurer was the agent of the defendants in the defense of the litigation, the new trial should have been denied because the so-called newly discovered evidence was at all times in the possession of the defendants' agent.

(b) If the insurer was an independent contractor in the defense of the litigation, or the relationship was such that the knowledge and conduct of the insurer was not the knowledge and conduct of the insured, the defendants (the insured) should be granted a new trial unless the plaintiffs

are willing to waive any right or interest in or to the amount by which the verdict exceeds the amount of the insurance and will agree to a judgment so limited. Otherwise, the insurance company, which is the real party in interest as to all except $330 of the amount of the verdict, would benefit from its own withholding of evidence that might have been to its advantage, *i.e.*, it would get another trial and another opportunity to present evidence which was in its possession prior to the earlier trial and which might have changed the result of that trial.

We therefore direct that the order granting a new trial be set aside; that the motion for a new trial be supplemented with a copy of the contract between the insured and the insurer (the insurance policy); that from it the trial court determine whether the insurer was the agent of the defendants (the insured) for the purposes of the present litigation and, if not, what the character of the relationship was; and that the trial court again pass upon the motion for a new trial in the light of that determination, and enter an order consistent with the views herein expressed.

The appellants (plaintiffs) will recover costs on this appeal, for either disposition that the trial court may make will afford them substantial relief.

DONWORTH, C. J., MALLERY, WEAVER, and OTT, JJ., concur.