170 P.3d 69 (2007)
Gary NELSON and Pam Nelson, husband and wife, Respondents/Cross-Appellants,
v.
Stephen P. SCHNAUTZ and Jane Doe Schnautz, husband and wife, Appellants.
No. 57987-8-I.
Court of Appeals of Washington, Division 1.
October 29, 2007.
*70 Joel Evans Wright, Mary Ellen Depaolo, Lee Smart PS Inc., Seattle, WA, for Appellant/Cross-Respondent.
Scott Erik Stafne, Attorney at Law, Arlington, WA, Dean Standish Perkins Jr., Dean Standish Perkins & Association, Seattle, WA, for Respondent/Cross-Appellant.

PUBLISHED OPINION IN PART
SCHINDLER, A.C.J.
¶ 1 In this legal malpractice action, the trial court ruled as a matter of law that an attorney's failure to file a claim against a tortfeasor's estate prevented the fault-free plaintiff from recovering damages from the other jointly and severally liable tortfeasors for more than the amount of insurance coverage available to the estate. On appeal, the attorney, Stephen Schnautz, challenges the trial court's ruling. Schnautz also challenges dismissal of his intervening cause defense, based on the successor attorneys' failure to commence probate proceedings for the tortfeasor's estate. On cross appeal, Gary and Pam Nelson (collectively Nelson) challenge the court's ruling that the successor attorneys breached the standard of care by not commencing probate proceedings. Nelson also contends the trial court erred in ruling that Nelson waived his attorney-client privilege with Schnautz; in refusing to dismiss Schnautz's mitigation of damages defense; and in denying his motion to file an amended complaint against Schnautz alleging breach of fiduciary duty and violation of the Consumer Protection Act, chapter 19.86 RCW. RCW 11.40.051 requires claims against an estate to be filed within two years. Thereafter, RCW 11.40.060 limits the amount of the recovery against the estate to the applicable insurance proceeds. The limitation under RCW 11.40.060 for what may be recovered against a jointly and severally liable estate does not operate to limit the amount of the damages that can be recovered against other jointly and severally liable tortfeasors. Because we conclude that a fault-free plaintiff can obtain recovery against the other jointly and severally liable tortfeasors for the entire amount of a judgment against the estate, we reverse the trial court's conclusion that the failure to timely file a claim limited the amount of recovery against the other joint tortfeasors. Consequently, we also reverse the trial court's decision dismissing Schnautz's intervening cause defense. On Nelson's cross appeal, we conclude the trial court did not err in ruling that the successor attorneys breached the standard of care by failing to commence probate proceedings; in refusing to dismiss the mitigation of damages defense; in concluding that Nelson waived his attorney-client privilege with Schnautz; or in denying Nelson's motion to amend his complaint to add a CPA claim or breach of fiduciary duty claim. We reverse and remand for further proceedings consistent with this opinion.

FACTS
¶ 2 Gary Nelson is a sergeant with the Seattle Police Department. On August 10, 2000, when Nelson was driving home from work, a car that was being chased by the King County police struck the truck Nelson was driving. The driver of the car, David Roehr, lost control of the car and crossed the center line before colliding with Nelson's truck. Nelson was seriously and permanently injured. Roehr was killed in the collision. Roehr had no insurance or assets, and was not married. The owner of the car, Norman *71 Stewart, had insurance coverage with Allstate Insurance. The policy limits were $100,000. There was conflicting testimony about whether Stephanie Stewart gave Roehr permission to drive the car.
¶ 3 In January 2001, Nelson hired Stephen Schnautz to represent him in his personal injury lawsuit. The potential at-fault parties included Roehr's estate, the King County police officers involved in the chase, their employer, the King County Sheriff's Department, the owner of the car, Norman Stewart, and his granddaughter, Stephanie Stewart. Approximately two and a half years later, Schnautz informed Nelson by letter dated June 11, 2003, that he had missed the two-year time limit for filing a claim against Roehr's estate.
¶ 4 In the letter, Schnautz also stated that his failure to file a claim against the estate might affect the ability to obtain joint and several liability against the other potential at-fault parties, and suggested Nelson pursue claims "other than the one against the estate of David Roehr" to recover some or all of his damages. Because Schnautz believed he had a conflict of interest, he informed Nelson that he had to withdraw and recommended Nelson retain new counsel. It is undisputed that while Schnautz represented Nelson, he did not file either a claim against Roehr's estate or a personal injury lawsuit against the potential at-fault parties. It is also undisputed that at the time Schnautz withdrew, the statute of limitations on Nelson's personal injury claim had not run.
¶ 5 After Schnautz withdrew, Nelson retained attorneys Scott Stafne and Susan Cohodes to represent him in both the personal injury lawsuit and his potential malpractice claim against Schnautz.
¶ 6 On August 6, 2003, Stafne and Cohodes filed a personal injury complaint for personal injury on Nelson's behalf against the Estate of David Roehr and Jane Doe Roehr, husband and wife, Norman Stewart, the owner of the car Roehr was driving, and Stewart's granddaughter, Stephanie Stewart. The only potential asset of the Roehr's estate was the Stewart's $100,000 Allstate Insurance policy. Allstate attorneys appeared on behalf of the Stewarts and the estate. Although the complaint was served on Roehr's father, there is no dispute that the successor attorneys never commenced probate proceedings and the estate was not properly served.
¶ 7 On September 24, 2004, Nelson filed an amended complaint naming Sergeant J.T. Gehrke and Jane Doe Gehrke and the King County Sheriff Department as defendants.
¶ 8 On May 9, 2005, Nelson filed a notice of settlement stating that all claims against all parties were resolved. Nelson received the $100,000 from Allstate and another $100,000 from King County. On June 24, Nelson filed an amended notice of settlement stating that all claims except those against Roehr's estate were resolved. The estate then filed a motion to dismiss Nelson's lawsuit for lack of jurisdiction. Because it was undisputed that a probate for the estate was never commenced, no personal representative was appointed, and no claim filed, the court dismissed Nelson's lawsuit against the estate for lack of jurisdiction.
¶ 9 Nelson sued Schnautz for legal malpractice. Nelson alleged that Schnautz was negligent in failing to timely file a claim against Roehr's estate and prevented him from obtaining joint and several liability against King County for more than the amount of insurance proceeds available to the estate.
¶ 10 In January 2006, Nelson filed four motions for summary judgment: (1) Plaintiffs' Motion for Summary Judgment that Defendant Schnautz Violated the Standard of Care Expected Attorneys Practicing Personal Injury Law; (2) Plaintiffs' Motion for Summary Judgment Dismissing Defendants' Intervening Cause, Superceding Cause and Mitigation of Damages Defenses, (3) Plaintiffs' Motion for Summary Judgment re Joint and Several Liability Based on the Lack of At-Fault Entities Against Whom a Judgment Could be Entered, and (4) Plaintiffs' Motion for Summary Judgment re Joint and Several Liability Based on a Lack of Insurance Proceeds to Maintain Action Pursuant to RCW 11.40.060. For purposes of summary judgment, the parties agreed that Nelson was a fault-free plaintiff, Roehr had permission to drive Stewart's car, and the sole *72 asset available to the estate was the Stewart's $100,000 insurance policy with Allstate. On April 10, 2006, the trial court ruled on the summary judgment motions in the "Revised Order on Plaintiffs' Four Motions for Summary Judgment on the Issues of Joint and Several Liability to King County, to Dismiss Certain Defenses, and Violation of the Standard of Care and Order on Motion for Reconsideration," but the court specifically reserved ruling on causation and damages, "[t]his Order does not address issues of causation or damages."
¶ 11 In the April 10 revised order, the court ruled that under RCW 11.60.040 and RCW 4.22.070(1), Schnautz's failure to file a claim against Roehr's estate prevented Nelson from obtaining recovery against the other jointly and severally liable tortfeasors for more than the $100,000 in insurance coverage available to the estate.
Interpreting RCW 11.40.060 and RCW 4.22.070 together, this Court concludes that the failure to file a claim against an Estate within two years constitutes a partial defense under RCW 4.22.070. If King County was found jointly and severally liable at trial with the Estate of Roehrer [sic], and Nelson was found fault-free, no amount of a judgment against Roehrer's [sic] Estate exceeding the insurance proceeds held by the Estate could be collected from King County or any other jointly and severally liable tortfeasor. The Court finds no basis in these statutes to allow a fault-free plaintiff to collect a judgment against an Estate from another jointly and severally liable defendant while barring that same plaintiff from collecting the judgment against the defendant against whom it was entered. This rule, would, in effect, suspend the statute of limitations for claims against estates in tort cases if the judgment could be collected from another party. RCW 11.40.060 states that `section does not serve to extend any otherwise relevant statutes of limitations.'
The trial court also ruled that because Nelson's successor attorneys did not initiate probate proceedings and petition to appoint a personal representative for Roehr's estate, there was no jurisdiction "even for the purpose of obtaining applicable insurance proceeds." But based on the court's conclusion that Nelson's recovery against the other joint tortfeasor was restricted by the amount of available insurance, the court ruled "no damage can be proven by this failure."
¶ 12 In a separate order, the court ruled the April 10 order was a final judgment and certified the following legal question:
These motions initially pose the following question, unaddressed by any case in Washington. In Wagg v. Dunham, 146 Wash.2d 63, 42 P.3d 968 (2002), the Washington State Supreme Court held that a plaintiff who filed a personal injury complaint against the estate of a driver who died in the accident giving rise to the complaint was not time barred to file suit against recover any judgment against the estate solely from those insurance proceeds where the plaintiff had failed to properly serve and file his claim within two years but did properly file and serve the claim within the statute of limitations for personal injury claims.
This case poses a related scenario regarding joint and several liability. In a car accident, two drivers are assumed (for the purposes of the motion) at fault for injuries to another driver. One tortfeasor dies in the accident. Assuming that a personal injury case is properly commenced against that estate in a period between two and three years, as in Wagg, so that any judgment against the estate may be satisfied solely from insurance proceeds, may a fault-free plaintiff collect any part of a verdict and judgment against the estate that exceeds applicable insurance proceeds from the other tortfeasor if that tortfeasor is jointly and severally liable with the estate? The Court certifies this question under CR 54(b) for review by the Court of Appeals.
Schnautz and Nelson filed cross motions for discretionary review of the April 10 decision and order. A commissioner of this court granted review and ruled that the April 10 order was appealable under RAP 2.2(d) and *73 should be given the same effect as a notice of appeal.[1]

ANALYSIS
Schnautz's Appeal
¶ 13 Schnautz contends the trial court erred in concluding that his failure to file a claim against Roehr's estate under the probate statutes, chapter 11.40 RCW, limits the amount of damages a fault-free plaintiff can obtain against the other jointly and severally liable tortfeasors under RCW 4.22.070(1)(b). We must determine the legislative intent and the effect of RCW 11.40.060 on the amount a fault-free plaintiff can recover from other tortfeasors under RCW 4.22.070(1)(b).
¶ 14 The standard of review on an order of summary judgment is de novo. Sane Transit v. Sound Transit, 151 Wash.2d 60, 68, 85 P.3d 346 (2004). The meaning of a statute is a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn LLC., 146 Wash.2d 1, 9, 43 P.3d 4 (2002). The primary objective in statutory interpretation "is to ascertain and give effect to the intent of the legislature." King County v. Taxpayers of King County, 104 Wash.2d 1, 5, 700 P.2d 1143 (1985). In interpreting a statute, we examine its language as well as that of closely related statutes in light of the legislative purpose. Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 807, 16 P.3d 583 (2001). If the statute is unambiguous, we must give effect to that plain meaning as an expression of legislative intent. Campbell & Gwinn, 146 Wash.2d at 9-10, 43 P.3d 4. "[T]he court should assume that the legislature means exactly what it says. Plain words do not require construction.'" City of Kent v. Jenkins, 99 Wash.App. 287, 290, 992 P.2d 1045 (2000).
¶ 15 Personal injury claims are subject to a three-year statute of limitations, RCW 4.16.080(2). According to RCW 4.16.200, actions against a decedent are governed by the probate statutes, chapter 11.40 RCW. Because Nelson had a personal injury claim against Roehr's estate, he had to comply with the applicable procedures and timelines in the probate statutes, RCW 11.40. The intent of the probate code is to limit claims against the decedent's estate, expedite closing the estate, and facilitate distribution of the decedent's property. Bellevue Sch. Dist. v. Brazier Constr. Co., 103 Wash.2d 111, 120, 691 P.2d 178 (1984).
¶ 16 RCW 11.40.010 provides that a claim against an estate may not be brought "unless a personal representative has been appointed and the claimant has presented the claim as set forth in this chapter." RCW 11.40.051(1)(c) required Nelson to file the claim against Roehr's estate within "twenty-four months after the decedent's date of death" and failure to do so bars any claim or action against the decedent. "[A] person having a claim against the decedent is forever barred from making a claim or commencing an action against the decedent. . . ." RCW 11.40.051. However, under RCW 11.40.060, the time limits do not apply to claims filed against an estate that seek to recover "applicable insurance coverage or proceeds." RCW 11.40.060 provides:
The time limitations for presenting claims under this chapter do not accrue to the benefit of any liability or casualty insurer. Claims against the decedent or the decedent's marital community that can be fully satisfied by applicable insurance coverage or proceeds need not be presented within the time limitation of RCW 11.40.051, but the amount of recovery cannot exceed the amount of the insurance. The claims may at any time be presented as provided in RCW 11.40.070, subject to the otherwise relevant statutes of limitations, and do not constitute a cloud, lien, or encumbrance upon the title to the decedent's probate or nonprobate assets nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate. This section does not serve to extend any otherwise relevant statutes of limitations.
¶ 17 In Wagg v. Estate of Dunham, 146 Wash.2d 63, 42 P.3d 968 (2002), the Washington Supreme Court affirmed dismissal of an untimely claim filed against an estate. But based on the language and purpose of RCW *74 11.40.060, the court concluded the failure to file a claim within the twenty-four month time limit, did not bar the personal injury lawsuit against the estate to recover available insurance proceeds. Wagg, 146 Wash.2d at 73-74, 42 P.3d 968.
¶ 8 Here, as in Wagg, because Schnautz did not file a claim against Roehr's estate, RCW 11.40.060 limits Nelson's recovery against the estate to available insurance proceeds. But we disagree with the trial court's conclusion that Nelson could not recover damages in excess of the amount of insurance proceeds available to the estate from the other jointly and severally liable tortfeasors. The trial court's conclusion is contrary to the intent and language of the probate statutes and the Tort Reform Act.
¶ 19 While RCW 11.40.060 limits the amount of recovery against the estate to available insurance proceeds, neither the statute nor the court's decision in Wagg limits the amount of a jury verdict against the estate or entry of a judgment against the estate for the amount of the insurance proceeds. The purpose of the nonclaim probate statute is to facilitate timely probate of a decedent's assets, not to absolve the other joint tortfeasors of liability. Brown v. Spokane County Fire Protection Dist. No. 1, 21 Wash.App. 886, 890, 586 P.2d 1207 (1978).
¶ 20 The stated intent of the legislature in adopting the Tort Reform Act of 1986 was "to reduce costs associated with the tort system, while assuring that adequate and appropriate compensation for persons injured through the fault of others is available." Laws of 1986, ch. 305, § 100. The Tort Reform Act of 1986 abandons joint and several liability and adopts proportionate liability except for a fault-free plaintiff.[2] Laws of 1986, ch. 305.
¶ 21 RCW 4.22.070(1) provides in pertinent part that:
(1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent. The entities whose fault shall be determined include the claimant . . ., defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but shall not include those entities immune from liability to the claimant under Title 51 RCW. Judgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages. The liability of each defendant shall be several only and shall not be joint except:
. . .
(b) If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [claimant's] total damages.
¶ 22 RCW 4.22.070(1)(b) preserves the right of a fault-free plaintiff to obtain damages from the joint and severally liable defendants against whom judgment is entered for the sum of the defendant's proportionate shares. The fact that the amount of recovery from the estate is limited to $100,000, does not affect the liability of the other joint tortfeasors for damages in excess of that amount.
¶ 23 While it is clear that the legislature intended that joint and several liability applies when the plaintiff is fault-free, joint and several liability under RCW 4.22.070(1) differs from the common law. Kottler v. State, 136 Wash.2d 437, 442, 963 P.2d 834 (1999). "[P]rior to the tort reform act, `pure' joint and several liability enabled a plaintiff to sue one tortfeasor and recover all of his or *75 her damages from one of multiple tortfeasors. . . . RCW 4.22.070(1) and (1)(b) do not permit that." Washburn v. Beatt Equip. Co., 120 Wash.2d at 280, 294, 840 P.2d 860 (1992).[3] RCW 4.22.070(1)(b) limits joint and several liability to the sum of the proportionate shares of the defendants "against whom judgment is entered." RCW 4.22.070(1) and (1)(b). A defendant against whom a judgment can be entered is defined as "each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense. . . ." RCW 4.22.070(1); Washburn, 120 Wash.2d at 294, 840 P.2d 860.
¶ 24 The cases Nelson relies on to argue that Roehr's estate is immune from judgment under RCW 4.22.070(1) because the insurance company is the real party in interest are inapposite. In Bowker v. McDonald, 49 Wash.2d 633, 305 P.2d 800 (1957), the court addressed the role of the insurance company and whether because of the delay in assuming the defense, the insured was entitled to a new trial. In Hamilton v. Blackman, 915 P.2d 1210, 1215, 1218 (1996), the court held that an amendment adding the personal representative of the estate as a party was not prejudicial under CR 15(c) because the suit only sought insurance proceeds and the insurance company had notice of the claim. And in Pargman v. Vickers, 208 Ariz. 573, 581, 96 P.3d 571 (2004), the court held that the amended complaint naming the estate related back under CR 15(c) because the substance of the complaint effected no real change to the claim.[4]
¶ 25 In sum, when a fault-free plaintiff does not file a claim against the estate of a joint tortfeasor within twenty-four months, the amount of recovery against the estate is limited to available insurance proceeds. However, the other joint tortfeasors remain liable for the combined percentage of fault for all the defendants against whom judgment is entered. We reverse and remand for further proceedings with this opinion.[5]
¶ 26 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: COX and COLEMAN, JJ.
NOTES
[1] See RAP 5.1(c).
[2] The two other exceptions in RCW 4.22.070(1) do not apply.
[3] Under the common law, multiple tortfeasors were jointly and severally liable for the entire harm and the injured party could sue one or all of the tortfeasors to obtain full recovery. "The cornerstone of tort law is the assurance of full compensation to the injured party. . . . So long as each tort-feasor's conduct is found to have been a proximate cause of the indivisible harm, we can conceive of no reason for relieving that tortfeasor of his responsibility to make full compensation for all harm he has caused the injured party." Seattle First Nat'l Bank v. Shoreline Concrete Co., 91 Wash.2d 230, 236, 588 P.2d 1308 (1978).
[4] As Schnautz points out, no defendant asserted the failure to file a claim against the estate as a defense. And on appeal, Nelson does not argue the limitation in RCW 11.40.060 is an "individual defense" under RCW 4.22.070(1).
[5] Because we reverse, we conclude the trial court erred in dismissing Schnautz's superceding and intervening cause defense. On remand Schnautz is entitled to assert this defense.